### 38144.  BOBO *v.* THE STATE.

GARDNER, Presiding Judge. The defendant was found guilty of illegally selling alcoholic and intoxicating liquors to wit: vodka. The defendant filed a motion for new trial on the general grounds and one special ground.

As to the general grounds, the testimony of the prosecuting witness that she saw the defendant sell her business associate a bottle containing vodka is sufficient to support the verdict of guilty. However, the testimony is in very sharp dispute as to this question. The testimony of the prosecuting witness is the sole testimony bearing on the guilt or innocence of the defendant, and it is in direct conflict with the testimony of four other witnesses and the defendant's statement. As to the evidence, it is sufficient to support the verdict and judgment of guilty as to the general grounds.

The special ground assigns error because it is alleged that the

court committed reversible error in admitting certain testimony, over objections of the movant. This objection is to a conversation between the prosecuting witness and another, outside of the presence of the defendant and is objected to as being hearsay testimony. Counsel who offered the testimony stated that it "went to show conduct." It appears that the court admitted it for that purpose only. The record shows that counsel for the defendant objected to the testimony of the prosecuting witness that "I told Bobby Cagle to get off my property, that he had given him liquor and got him drunk, and to get off my property and stay off of it." Leading up to this testimony and the objection to it, was testimony showing that the witness, Mrs. Townsend, was associated with another in the operation of a restaurant, service station and garage in Cloudland; that her business associate ran the gasoline pumps and the garage; that on the day in question he was assisting a son of the defendant in making repairs to an automobile; that she came outside the restaurant where they were thus engaged and found her business associate drunk. Then the following question was asked by the solicitor-general: "Who was working on Bobby Cagle's car?" Answer (by Mrs. Lavonda Townsend) : "Mr. Stillwell, and went out and found him drunk. I told Bobby Cagle to get off my property, that he had give him liquor and got him drunk, and to get off my property and to stay off of it." Defense counsel objected because it was testimony of a conversation with another not in the presence of the defendant and was accordingly hearsay. The solicitor-general then stated that it was being offered to show conduct. The objection was overruled and the court allowed the testimony for the purpose of showing conduct only.

Subsequent testimony disclosed that, pursuant to this demand on the part of the prosecuting witness, Bobby Cagle and the business associate went to the home of the defendant about a mile away; that the prosecuting witness discovering that her business associate had gone off with the keys to her place of business, proceeded to the home of the defendant to get her keys. Accordingly, the conduct of the prosecuting witness which the conversation was admitted to explain was why Bobby Cagle left her premises taking her business associate with him and thus making it necessary for her to go to the place where she testified she saw the defendant sell her business associate a bottle of vodka. The conversation was injurious to the de-

fendant because Bobby Cagle was her son, he lived in a house very close to that occupied by the defendant, was closely associated with her and the conversation might have created an inference on the part of the jury that Cagle had brought liquor to the premises of the prosecuting witness and that the liquor came from the defendant. However, her evidence is admissible. Under the rules of law it is not error to admit it merely because it may have a prejudicial effect. This evidence was admissible under Code § 38-302, which reads as follows: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." See also *Fitzgerald* v. *State*, 10 *Ga. App.* 70 (72 S. E. 541); *Davis* v. *Farmers & Traders Bank*, 36 *Ga. App.* 415 (136 S. E. 816). The presence of the prosecuting witness at the home of the defendant authorized an explanation which could scarcely be given without the conversation which caused her business associate and Bobby Cagle to leave her premises and caused her to follow them. It subsequently developed from the evidence that the allegation of the prosecuting witness made to and of Bobby Cagle was only her opinion based solely on the fact that Cagle was the only one who had been to her place of business that afternoon. All of the sworn testimony later disclosed that Cagle did not bring alcoholic beverages to those premises. Counsel for the defendant, however, did by his own witnesses bring out the fact that the prosecuting witness had accused him of this act. Accordingly, had the original testimony been inadmissible, the error would have been waived. *Martin* v. *State*, 44 *Ga. App.* 276 (161 S. E. 371); *Whitley* v. *State*, 188 *Ga.* 177 (3 S. E. 2d 588). It follows that the special ground is without merit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 11, 1960.

*Joseph E. Loggins, Cook & Palmour, Bobby Lee Cook,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.