24417.   GREEN, Executor v. BRYSON.

<small>SUBMITTED DECEMBER 11, 1967—DECIDED JANUARY 4, 1968.</small>

*Nickolas P. Chilivis,* for appellant.
*Herman J. Spence, Bobby C. Milam,* for appellee.

DUCKWORTH, Chief Justice.   The caption of Ga. L. 1947, pp. 1448, 1449, is plain and unambiguous.   It says in part: "An

Act to provide for the venue of suits and citations for settlement, accounting or removal, against nonresident administrators and executors or guardians appointed by any court of this State . . . to provide for service thereof, and to provide for an attorney-in-fact for service upon such administrators and executors." By plea to the jurisdiction in this action for tort against an administrator who was a nonresident and who was served by service upon the ordinary as the Act provides, it is contended that the caption includes only suits and citations for accounting, settlement or removal, and that the provisions of Sections 2 and 3 which authorize such service in a tort action are not included in the caption and are violative of the Constitution, Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908; Const. of 1945). The plea was dismissed and the appeal therefrom presents this constitutional question for decision.

The words "to provide for the venue of suits" found in the caption are adequate notice of the provisions of Sections 2 and 3 of the Act. The fact that these words are followed with "and citations for settlement, accounting and removal" in no wise restricts or qualifies them. These provisions of the caption plainly say that both "venue of suits" and "venue of . . . citations for settlement, accounting and removal," will be provided in the body of the Act as found in Sections 2 and 3 thereof. This is particularly so since the caption refers to the appointment of such trustees "by any court of this State," which clearly shows it was not merely intended to apply to courts handling "settlement, accounting or removal" usually handled by the ordinary by citations. The obvious purpose of the Act was to allow nonresidents to administer estates in Georgia, but as a condition to doing so, the Act requires them to appoint an attorney in fact in this State upon whom suits and citations pertaining to the estate could be served. Suppose the intestate owed notes and accounts and the administrator denies their justness and refuses to pay, must the creditors be forced to go to a foreign State to sue them to judgment? An estate can not be wound up without payment of all legal claims against it. The intent of this Act as disclosed by its caption and body was to subject such representatives of estates to the jurisdiction of the courts of this State

so that such estates might be completely administered. The purpose of the constitutional clause here referred to is to protect the people against covert and surprise legislation. But the title and body of legislative Acts must correspond, not literally but substantially, and this is to be determined in view of the subject matter to which the legislation relates. Every detail in the Act need not be set forth in the caption in order to apprise the public and the legislature of the intended legislation. *Macon & B. R. Co. v. Gibson,* 85 Ga. 1 (11 SE 442, 21 ASR 135) ; *Banks v. State,* 124 Ga. 15 (52 SE 74, 2 LRA (NS) 1007) ; *Cady v. Jardine,* 185 Ga. 9 (193 SE 869) ; *Lamons v. Yarbrough,* 206 Ga. 50 (55 SE2d 551). It follows that it was not error to dismiss the plea to the jurisdiction, the motion to dismiss, or any of the general demurrers making the same constitutional attack.

*Judgment affirmed. All the Justices concur.*