47757. WEST et al. v. FOREHAND.

SUBMITTED JANUARY 11, 1973— DECIDED FEBRUARY 7, 1973.

*Guy V. Roberts, Jr.,* for appellants.

*Reddick & Hurt, Graydon D. Reddick,* for appellee.

STOLZ, Judge. Code § 113-2105, under the provisions of which service was purportedly perfected, provides as follows: "In *all* cases where there are two or more executors or administrators, and one or more of such executors or administrators shall remove without the limits of this state, service of *any* writ or process upon those remaining in the state shall be as effectual and complete, *for all purposes whatever,* as though service had been made upon all such executors or administrators." (Emphasis supplied.) This statute is cast in terms which are general enough apparently to encompass the present case. Since it has never, to our knowledge, been judicially applied or construed, however, a closer scrutiny of it is deemed necessary, especially in light of the subsequent enactment of § 113-1203.1, which is in pari materia with the aforesaid 1857 statute. See *Price v. State,* 76 Ga. App. 108 (3) (45 SE2d 84) and cit. Code Ann. § 113-1203.1 provides as follows: "Any nonresident of the State of Georgia who shall qualify in any court in this State as administrator or executor or as guardian of any person or any person a resident of this State who so qualifies and subsequently removes from this State shall, by virtue of

such qualification, be deemed and held to have appointed the ordinary of the county in which they have qualified as their attorney for service of *all process or proceedings for accounting or removal of any kind or character against them.*" (Emphasis supplied.) This statute has likewise apparently not been judicially considered except to be upheld as constitutional. See *Green v. Bryson,* 223 Ga. 862 (159 SE2d 56).

The question hereby presented to us, then, is whether § 113-1203.1 is merely a new remedy for an existing right which is cumulative of the pre-existing remedy of § 113-2105 (*McGinty v. Gormley,* 181 Ga. 644, 645 (183 SE 804) and cit.) or, on the other hand, the exclusive provision for service in cases of the present type. Section 113-2105 was not expressly repealed. "Repeals by implication are not favored by law, and a subsequent statute repeals prior legislative acts by implication only when they are clearly and indubitably contradictory, when they are in irreconcilable conflict with each other, and when they cannot reasonably stand together. [Cits.] However, it is the duty of the courts in the construction of statutes to give effect to the intention of the legislature when it is ascertainable [ cit.]; and in construing laws, whether statutory or constitutional, proper regard should be given to the old law, the evil, and the remedy. [Cits.]" *Moore v. Baldwin County,* 209 Ga. 541, 545 (74 SE2d 449). Code Ann. § 113-1203.1 is presumed to have been enacted by the legislature with full knowledge of the existing condition of the law and with reference to it, hence is to be construed in connection and in harmony with the existing law. *Spence v. Rowell,* 213 Ga. 145, 150 (97 SE2d 350) and cit. "[O]ur system of law is not to be construed by single Code sections or single provisions of the law; the entire system must be construed as a whole to determine the intent and purpose of the law as applied to each particular case or state of facts." *Lucas v. Smith,* 201 Ga. 834, 837 (41 SE2d 527).

"Where a general limitation law applicable to numerous classes of cases conflicts with a law applicable

only to a particular class, the latter controls." *Sutton v. Hancock,* 118 Ga. 436 (7) (45 SE 504). Thus, even if § 113-2105 was intended to encompass situations such as is here involved, if subsequent § 113-1203.1, which is applicable to a particular class of cases ("Proceedings for accounting or removal against nonresident administrators, executors or guardians," according to its caption), conflicts with the older statute, the statute applicable to the particular named class (§ 113-1203.1) controls in cases within that class. The position of a section in the Code may be considered in determining its meaning. *Johnson v. Bradstreet Co.,* 87 Ga. 79, 80 (13 SE 250); § 113-2105 is situated within Chapter 113-21, which has the broad, generalized caption, "Actions by and against executors, administrators, and their sureties," whereas § 113-1203.1 is placed under Chapter 113-12, which has the particularized caption, applicable to the facts of the instant case: "Appointment, qualification, and *removal* of executors and *administrators.* Dispensing with administration." (Emphasis supplied.)

Since the appellee was not served personally, he must have been served by the mode prescribed by § 113-1203.1, which was not done. His defense of lack of jurisdiction was not waived under Code Ann. § 81A-112 (h) (1) (Ga. L. 1966, pp. 609, 622; as amended, Ga. L. 1972, pp. 689, 692, 693), since it is not shown that he had actual or constructive knowledge of the rule nisi prior to the time (some 6 months after the order) he filed his motion to set aside the order, pursuant to Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240), which statute specifies no time limit for the filing of such motion. If laches was to have been asserted, it must have been done as an affirmative defense. Code Ann. § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230).

Nor did the ordinary's treating the appellee's co-administrator as the sole administrator for the approximately 6-month period, have the effect of removing the appellee as co-administrator without regard to the removal petition, since this was done

pursuant to his own order, which he himself subsequently set aside as void on its face on appellee's motion.

Consequently, the ordinary properly rescinded his prior order removing the appellee as co-administrator because of lack of proper service, and the superior court did not err in its judgment sustaining the ordinary's judgment.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*