## 50495. GREENE v. THE STATE.

STOLZ, Judge.

"The trial judge did not abuse his discretion in denying the defendant's request for disclosure of the identity of the informer, who was a witness to the transaction which resulted in the defendant's arrest. 'The scope of the informer's privilege is in the discretion of the trial judge.' *Welch v. State,* 130 Ga. App. 18, 20 (202 SE2d 223) and cits. 'The fact that the informant is a witness [to the transaction] is not controlling where such evidence is not necessary to obtain a conviction.' *Estevez v. State,* 130 Ga. App. 215, 216 (2) (202 SE2d 686) and cits." *Scott v. State,* 133 Ga. App. 466 (3) (211 SE2d 415).

In the case sub judice the informer's limited role in the transaction, that of ascertaining that contraband was available for purchase at the location and standing by while the agent ordered and paid for the contraband, fell short of such an active part in the offense as to make him a material witness thereto and a "decoy," whose disclosure would be required. See *Butler v. State,* 127 Ga. App. 539, 540 (194 SE2d 261) and cits., cited in *Welch v. State,* supra, p. 19. Furthermore, as in the *Welch* case, the informer was not the only material witness to the illegal sale. Approximately five persons were in the room in which the illegal sale occurred, some or all of whom being closer to the parties to the transaction than the informer, who stood in the doorway to the room.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED APRIL 28, 1975.

John E. Wiggins, Clifton M. Patty, Jr., for appellant.
Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney, for appellee.