## 52181. LLOYD v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted for possession on January 15, 1974 of cocaine, a narcotic drug. The indictment also set forth that the defendant had been previously convicted for a violation of the Uniform Narcotic Drug Act on April 21, 1971. The defendant was tried before a jury who returned a verdict of guilty against him. The defendant was then sentenced by the trial judge to serve a term of ten years in confinement. The defendant filed a motion for new trial and by amendment added several additional grounds. Upon the overruling of the motion for the new trial, appeal was taken to this court. *Held:*

1. Prior to the trial the defendant had filed a motion to suppress. By agreement of counsel a portion of the hearing on the motion to suppress was held before the jury which tried the case.

Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571) provides regarding the hearing of the motion to suppress: "The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion. . ." As pointed out in *Holcomb v. State,* 128 Ga. App. 238, 240 (196 SE2d 330), where the trial judge in effect compels that the hearing be held before a jury, then error results. However, in this case the defendant waived any objection he might have and, although we do not sanction the proceeding, there is no harmful error.

2. In the defendant's first enumeration of error it is contended that the trial judge erred in overruling a motion for mistrial. The motion was predicated on the fact that a witness for the state was permitted to refer to a sale of cocaine for which offense the defendant was not on trial. It is further contended that the witness testified to information related to him by an informant and that such

testimony was hearsay.

It was not error to admit the evidence in question merely because it might have a prejudicial effect on the defendant. *Bobo v. State,* 101 Ga. App. 266, 268 (113 SE2d 468). See *Cowart v. State,* 30 Ga. App. 289 (1) (117 SE 663); *McGregor v. State,* 119 Ga. App. 40, 41 (165 SE2d 915) and cits. The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question. *Coleman v. State,* 127 Ga. 282 (1) (56 SE 417). Hearsay testimony may be admitted for the purpose of explaining conduct. *Lundy v. State,* 130 Ga. App. 171, 174 (4) (202 SE2d 536). When offered and admitted for the purpose of explaining conduct and to ascertain motives, evidence which is otherwise hearsay becomes original evidence for that purpose. Code § 38-302; *Garrett v. State,* 157 Ga. 817 (1) (122 SE 211). See also *Lingerfelt v. State,* 231 Ga. 354, 356 (4) (201 SE2d 445).

The admission of the evidence was not error for any reasons assigned. Especially is this true, where in the case sub judice, counsel for the defendant agreed to have the hearing regarding the motion to suppress in the presence of the jury. The evidence was essential and admissible to establish probable cause. See *Jones v. State,* 131 Ga. App. 699, 700 (206 SE2d 601), holding: ". . . hearsay testimony would not be admissible during the trial of the case as affirmative proof of the facts stated. But on hearing a motion to suppress before the judge the issue is how or why the search was made and whether there existed probable cause for making it. It is well settled that there is no inhibition against hearsay in the showing of probable cause in an affidavit for obtaining a search warrant." Thus, it was not error to overrule the motion for a mistrial.

3. The defendant contends that it was error to allow an informant's testimony to be quoted by other witnesses for the state. It is urged that the statements were those of a decoy and not an informant, and that the evidence was not admissible without revealing the alleged decoy's identity and bringing him forth.

In a case of this sort, whether the identity of the informant must be revealed rests within the sound discretion of the trial judge. *Welch v. State,* 130 Ga. App. 18, 20 (202 SE2d 223). For a thorough discussion of the principles involved, see *Taylor v. State,* 136 Ga. App. 31 (220 SE2d 49). In *Pound v. Dunn,* 101 Ga. App. 461, 465 (114 SE2d 163), this court held that the defendant's right of cross examination was not violated by the failure to divulge the identity of a certain informer based on the contention that the defendant was without information as to whether he was an informer or a decoy.

The case of *Scull v. State,* 122 Ga. App. 696, 699 (2) (178 SE2d 720), is controlling here. In that case the court pointed out that where the crime charged is possession of narcotics and the significance of the informant's testimony is with regard to exigent circumstances concerning the basis of a search, then it was not error to fail to disclose the identity of the informer. As there pointed out, if the tip meets the requisite constitutional test "the mere possibility that the police might be impeached is not enough to demand disclosure of the informer's identity." Here, the informant took no active part in the transaction relied upon for conviction and his testimony was not necessary as to that issue. Hence, no reversible error appears. *Welch v. State,* 130 Ga. App. 18, supra; *Kitchens v. State,* 134 Ga. App. 81, 84 (3) (213 SE2d 180); *Greene v. State,* 134 Ga. App. 658 (215 SE2d 536); *Taylor v. State,* 136 Ga. App. 31, supra. This enumeration of error is without merit.

4. The indictment charged the defendant with a prior narcotics offense in order to increase punishment. Since the defendant was charged with a crime committed on January 15, 1974, the relevant recidivist laws in effect at the time were former Code § 27-2511 as amended (Ga. L. 1953, Nov. Sess., pp. 289, 290 (later amended by Ga. L. 1974, pp. 352, 355)), which provided increased punishment based on prior felonies, and Code Ann. § 79A-9911 (Ga. L. 1967, pp. 296, 375; 1970, pp. 470, 471; 1972, pp. 720, 721 (now repealed by Ga. L. 1974, pp. 221, 267)), which provided for increased punishment for prior narcotic offenses.

At the sentencing phase the trial judge applied the

general provision, which is Code Ann. § 27-2511, and, considering that to be controlling, sentenced the defendant to ten years confinement. The defendant contends that the particular section having to do with the second narcotics offense, to wit, Code Ann. § 79A-9911, should have been applied. In that instance, the trial judge would have had the discretion of sentencing the defendant from five to ten years.

For two sound reasons we find that the defendant's contentions are meritorious. First, the law dealing with increased punishment with regard to narcotics is subsequent in time to the general law dealing with increased punishment for recidivists. *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654, 656 (151 SE2d 765); *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83). Second, Code Ann. § 79A-9911 deals particularly with increased punishment for the specific crime here involved, while Code Ann. § 27-2511 deals generally with increased punishment for prior felonies. See *West v. Forehand,* 128 Ga. App. 124, 126 (195 SE2d 777). Since, in the interpretation and construction of statutes, the prime concern is to determine the intention of the legislature (*Burnam v. Wilkerson,* 217 Ga. 657, 660 (124 SE2d 389)), we think it is clear the legislature intended Code Ann. § 79A-9911 to apply in those cases where increased punishment was sought for subsequent drug offenses. That being true, it was error to sentence the defendant under the provisions of Code Ann. § 27-2511 and the case is remanded for sentencing in accordance with the provisions of Code Ann. § 79A-9911.

In *Hinton v. State,* 138 Ga. App. 702, this court sanctioned the imposition of increased punishment under Code Ann. § 27-2511 for a heroin sale conviction. That case is not contrary to what is here held since there the prior felony convictions used as the basis for increased punishment were for non-narcotic related offenses, thus making the general law (Code Ann. § 27-2511) controlling. The case sub judice falls specifically within the ambit of Code Ann. § 79A-9911 because the increased punishment is predicated on a prior narcotics conviction.

*Judgment affirmed on the conviction; judgment reversed and remanded for resentencing in compliance*

*with the mandate of this opinion. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 5, 1976 — DECIDED SEPTEMBER 27, 1976.

*Robert L. Whatley*, for appellant.
*Lewis R. Slaton*, District Attorney, *H. Allen Moye, Joseph J. Drolet, Guy E. Davis*, Assistant District Attorneys, for appellee.