## 31580. D'ANTIGNAC v. THE STATE.

GUNTER, Justice.

The appellant was convicted of murder and sentenced to life imprisonment. He has come here for review.

Appellant was charged with the murder of David Dunn on the night of December 26, 1974. Evidence produced at the trial showed that the appellant and an accomplice, Taylor, drove with the victim to a deserted area of Richmond County, and there the appellant levelled a sawed-off shotgun at Dunn and fired at point-blank range killing him. An autopsy performed on the body of the victim revealed that probable cause of the death was three shotgun wounds.

The body of the victim was discovered at 11:15 p.m. on the same evening by two patrolling deputies of the Richmond County Sheriff's Department. The officers discovered Dunn's body lying on the ground near his deserted car. One of the officers testified that there were two sets of footprints, one of which led up to the body. There was a large amount of blood in the car and on the ground.

After an interview with the victim's wife, the officers learned that Dunn was last seen leaving the house with the appellant and Taylor earlier in the evening. The officers went to Taylor's house and then to the appellant's who lived next door. Appellant's car was parked outside under a street light. Looking into the car, the officer was able to see the breach of a shotgun, a .38 caliber pistol, and a pair of black gloves. The officers went into the

appellant's house to talk with him and ask his permission to look into the car. Appellant agreed and the officer accompanied him to his bedroom to find the car keys. Unable to find the keys, the appellant agreed to let the officer use a coat hanger to open the car. Appellant got the coat hanger and as the two were leaving to go outside, the officer saw a pair of black Converse All-Star tennis shoes lying in the appellant's bedroom next to a chair. On the left toe was a reddish-brown stain that appeared to be blood. Appellant was placed under arrest and advised of his rights.

Taylor, a party to the crime who had been granted immunity by the state, testified that he had agreed to accompany the appellant and Dunn when the murder was to be committed, in exchange for half the $5,000 the appellant was to receive for the murder. He testified that appellant had a sawed-off shotgun, owned by Taylor, which appellant had had in his possession for some time; he testified that the three men, driving in Dunn's car, drove down a deserted road where the appellant told Dunn he was to meet another person; and when Dunn stopped the car, appellant pulled out the shotgun and fired at point-blank range.

The victim's widow testified that she did not make any agreement with appellant and Taylor to kill her husband.

Appellant testified that he had been with the two men on the night of the homicide but denied murdering Dunn. He contended that Taylor had shot Dunn because of a misunderstanding between the two men.

Appellant's first two enumerated errors contest the sufficiency of the evidence and the lack of evidence corroborating the testimony of the party to the crime, Taylor. These two enumerated errors are totally without merit.

One of the officers who discovered the body of the victim was allowed to testify concerning the similarity between the appellant's shoe found in his room and the footprints found at the scene of the homicide. Appellant enumerates this as his third error and contends that the state did not qualify the witness as an expert.

The record shows that the state did not attempt to

qualify the officer as an expert witness. He was testifying as an investigating officer who had had ten years' experience. The trial court, in overruling appellant's objection, stated that the officer was giving an opinion, not as an expert and the jury could give it any weight and credit that it saw fit. The testimony of the officer compared the tennis shoes seized from the appellant's room and the footprints at the scene of the crime. The jury was given a visual comparison of pictures taken of the appellant's shoe and a picture taken of the footprint at the scene of the crime. This enumerated error has no merit.

Three other enumerated errors, one complaining of the admission of evidence, one complaining of the charge of the court, and one complaining of the overruling of a motion to suppress evidence, are all without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED MARCH 2, 1977.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.