### 57767. WILLIAMS v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of burglary. Finding no error, we affirm.

1. Appellant enumerates as error the admission of testimony identifying a particular pair of shoes as belonging to the defendant. Since the court sustained appellant's objection to the admission of such testimony, apparently on the ground that a proper foundation had not been laid, this enumeration of error is without merit.

2. Contrary to appellant's contentions, the court properly admitted photographic evidence of the shoes seized from appellant's home and footprints taken from a path leading from the scene of the crime as visual representations of the police officer's testimony comparing the shoes seized with the footprints. *D'Antignac v. State,* 238 Ga. 437, 439 (233 SE2d 206).

3. Even assuming the jury was not informed of the limited purpose for which certain testimony was admitted, since appellant failed to request such instructions, the court's omission would not constitute error. *Cochran v. State,* 144 Ga. App. 820 (2) (242 SE2d 735); *Haden v. State,* 176 Ga. 304 (7b) (168 SE 272).

4. Appellant contends that the state's failure to inform the jury of its plea bargaining agreement with co-defendant Hooker, who testified against appellant on

behalf of the state, constitutes reversible error. See, e.g., *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660). The record does not support appellant's contention. In the prosecutor's opening statement he informed the jury of his agreement to "nol pros" co-defendant Hooker's indictment in exchange for his testimony.

5. Appellant argues that disclosure of a plea bargaining agreement in an opening statement did not constitute effective disclosure in accordance with standards of due process. We cannot agree.

Due process mandates that the jury be informed of any understanding or agreement reached between the prosecutor and an alleged accomplice, on whose testimony the state's case depends. The prosecutor here informed the jury that the charges against co-defendant Hooker would be dropped in exchange for his testimony. Since the jury was made aware of the agreement between Hooker and the prosecutor by the prosecutor's disclosure of the agreement, we refuse to say that the requirements of due process have not been satisfied. This enumeration of error is without merit.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Submitted May 7, 1979 — Decided October 11, 1979.

*Henry Ross,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.

