59534. GREEN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction and sentence for burglary.

This case was transferred to this court by the Supreme Court which found that defendant had no standing to raise the third enumeration of error. See *Green v. State,* 244 Ga. 755 (262 SE2d 68).

Three of the four remaining enumerations of error pertain to the use of a pretrial confession of the defendant, which had not been ruled voluntary by the trial court, to impeach the testimony of defendant.

During a Jackson-Denno hearing, the officer who obtained the confession testified that during the course of the interrogation defendant asked how much his bond would be. The officer told defendant that he had the authority to set his bond and that he would set it as low as he could. The officer also said that he never told defendant his bond would be lower or his treatment more favorable if he made a statement. On this evidence the trial judge ruled the confession inadmissible because the officer in telling the defendant he would set the bond as low as he could, held out a hope of reward which may have induced the confession. Subsequently, defendant testified in his own defense denying any involvement in the burglary. When the defense rested, the trial judge denied a prosecution request to rebut defendant's testimony with the

testimony of an accomplice. The trial judge then suggested that the prosecution was entitled to use defendant's confession, ruled inadmissible in the case in chief, for rebuttal. The prosecution thereupon impeached defendant's testimony with the confession. The defense objected to the use of the confession for impeachment, to the trial court's restricting cross examination on the issue of voluntariness or presentation of any evidence on voluntariness, and to the trial court's suggesting the use of the confession for rebuttal to the prosecution. These objections are the basis of the enumerations of error relating to the use of the confession. *Held:*

1. Defendant contends that because his confession was not ruled voluntary, it could not thereafter be used for impeachment, and cites the recent case of Mincey v. Arizona, 437 U. S. 385 (98 SC 2408, 57 LE2d 290). The state claims the trial judge was in error when he did not rule the confession voluntary, and, if not, the use of the confession for impeachment was authorized by Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1), and precedents flowing therefrom.

A. The trial court's ruling that the confession was not voluntary was not clearly erroneous. Code Ann. § 38-411 provides: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury."

"Where it appears that the defendant's in-custody admissions were obtained by the 'slightest hope of reward' the same are not admissible in evidence. Thus, alleged admissions to Captain Murrhee procured subsequent to that officer's statement that he would intercede with the judge in the defendant's behalf and see that his bond was lowered so he could get out of jail, were improperly admitted in evidence. See Code Ann. § 38-411. [Cits.]" *Hickox v. State,* 138 Ga. App. 882 (4) (227 SE2d 829).

"[T]he only dispute concerned whether Ramey was promised he could make bond if he cooperated by giving a statement. The interrogating officer admitted that Ramey was told he could make bond, but denied that this promise had anything to do with whether or not Ramey gave a confession . . . Factual and credibility determinations pertaining to voluntariness made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. [Cits.]" *Ramey v. State,* 145 Ga. App. 812 (2) (245 SE2d 45).

B. Is it error to use a confession not ruled voluntary for impeachment? In Harris v. New York, 401 U. S. 222, supra, statements taken from a defendant which were excluded in the case in chief because he had not been advised of his Miranda rights were

admitted to impeach his testimony. In affirming the trial court's action, the court said: "It does not follow from *Miranda* that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards." Id. at 224. Georgia has followed this precedent. See *McHan v. State,* 232 Ga. 470 (6) (207 SE2d 457); *Jones v. State,* 243 Ga. 820 (6) (256 SE2d 907).

In Oregon v. Hass, 420 U. S. 714 (95 SC 1215, 43 LE2d 570), the defendant had received proper Miranda warnings but interrogation did not stop when he requested to telephone a lawyer. Although the statements obtained were ruled inadmissible in the case in chief, the court held that the statements could be used for impeachment. The court said: "We see no valid distinction to be made in the application of the principles of *Harris* to . . . Hass' case. Hass' statements were made after the defendant knew . . . opposing testimony had been ruled inadmissible for the prosecution's case in chief . . .

". . . There is no evidence or suggestion that Hass' statements . . . were involuntary or coerced . . .

". . . If, in a given case, the officer's conduct amounts to abuse, that case, like those involving coercion or duress, may be taken care of when it arises measured by the traditional standards for evaluating voluntariness and trustworthiness." Id. at 722, 723.

In Mincey v. Arizona, 437 U. S. 385, supra, the defendant was interrogated while in a hospital intensive care ward after having been wounded. He repeatedly asked that the interrogation be stopped until he could get a lawyer. The statement obtained was admitted by the trial court but was used by the prosecution only for the impeachment of the defendant's testimony. Reversing, the court held that the statement was not voluntary and that it could not be used for impeachment purposes. The court said: "Statements made by a defendant in circumstances violating the strictures of *Miranda v. Arizona, supra,* are admissible for impeachment if their 'trustworthiness . . . satisfies legal standards.' *Harris v. New York, supra,* at 224; *Oregon v. Hass, supra,* at 722. But *any* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law 'even though there is ample evidence aside from the confession to support the conviction.' [Cits.]" Id. at 397, 398.

Harris v. New York, 401 U. S. 222, supra, and Oregon v. Hass, 420 U. S. 714, supra, were not overruled by Mincey v. Arizona, 437 U. S. 385, supra, but were distinguished. Harris and Hass permitted the use for impeachment of confessions or statements ruled inadmissible in the case in chief because certain procedural

requirements such as Miranda warnings and the right to consult an attorney were not followed, and the statements were otherwise voluntarily made. In Mincey, the inadmissibility was due to traditional involuntariness, not for a procedural defect.

In other words, confessions may be ruled inadmissible on the merits for either failure to follow procedural requirements, or on traditional pre-Miranda standards of voluntariness. If inadmissible for procedural defects, with no indication of traditional involuntariness, the confession may be used for impeachment. If inadmissible because not voluntarily made, a confession may not be used for impeachment.

The state argues that even if the confession in this case was not voluntarily made, the reason for the involuntariness was so minor that the rationale of the Mincey case should not apply. This argument does not comport with the reasoning of a recent decision of the Supreme Court of Georgia. In *Jones v. State,* 243 Ga. 820 (6), supra, the court, in approving the use of a statement introduced solely for the purpose of impeachment, said: "Under Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971), and its progeny, the statement was admissible for impeachment purposes despite the failure to give Miranda warnings. The statement simply had to be found to have been voluntarily made. This the trial court found.³" Id. at 826. In the indicated footnote, the court went on to say: "We held in *Scott v. State,* 243 Ga. 233 (253 SE2d 698)(1979), that a separate hearing on voluntariness was not required when the statement was being introduced for impeachment. However, this did not change the requirement that the statement had to be voluntarily made to be admissible. See *Mincey v. Arizona,* 437 U. S. 385 (98 SC 2408, 57 LE2d 290) (1978)." Ibid. In brief, in the absence of a finding that a confession was voluntarily made, its use for impeachment is barred.

In the instant case, the trial judge did not find that the confession was voluntarily made, but inadmissible on traditional voluntariness grounds which are codified in Code Ann. § 38-411. Since this court is bound by that not clearly erroneous ruling, the trial court erred in permitting the involuntary confession to be used to impeach defendant's testimony, and the judgment must accordingly be reversed.

2. The two remaining enumerations bearing on the use of the confession for impeachment are mooted by the foregoing finding and are not likely to recur on a rehearing by the foregoing.

3. Since there presumably will be a new trial in this case it is appropriate to consider appellant's remaining enumeration that the trial court erred in sentencing defendant under the general

recidivist statute as a fourth offender, rather than as a second offender under the burglary recidivist statute which provides for a lesser penalty. Defendant was sentenced under Code Ann. § 27-2511 (Ga. L. 1953 Nov. Sess., pp. 289, 290; 1974, pp. 353, 355) to twenty years confinement without parole on proof that he had three prior felony convictions, one of which was for burglary. Defendant claims that although all three of the prior convictions were listed on the indictment, he was not properly indicted as a general recidivist because the indictment did not specify which recidivist statute applied.

In *Lloyd v. State,* 139 Ga. App. 625 (4) (229 SE2d 106), it was held that if a defendant is indicted on a narcotics charge with a prior conviction also for narcotics, the specific recidivist statute for narcotics offenders should be applied rather than the general recidivist statute, Code Ann. § 27-2511, supra. However, in *Hinton v. State,* 138 Ga. App. 702 (5) (227 SE2d 474), where the defendant was indicted as a recidivist on a narcotics offense with prior convictions for non-narcotics offenses, sentencing under Code Ann. § 27-2511 was held proper. We find that the clear intent of the indictment was that defendant be sentenced as a fourth offender recidivist under Code Ann. § 27-2511, rather than as a second offender burglar, and that the enumeration is without merit.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED MARCH 3, 1980 — DECIDED APRIL 9, 1980.

*J. Sewell Elliott, Jr.,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.