64707. PLATT v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for criminal trespass and aggravated assault upon a peace officer. *Held:*

1. The state's evidence authorized the jury to find as follows: At about 1:30 a.m. a police officer who was passing a radiator shop on a motorcycle heard a burglar alarm and observed defendant coming out of the shop through an opening in a garage type door. Subsequent investigation revealed that the opening apparently had been made by knocking out a door panel with a large piece of concrete and that some radiators had been moved from the interior of the shop to outside the opening. When the officer came upon the scene the defendant ran and the officer gave chase on his motorcycle while radioing for assistance. Another officer searching on foot saw the defendant, and chased and tackled him. Defendant resisted and in the process snatched the officer's pistol from its holster and pointed it at the officer. The officer grasped the pistol in order to prevent the

defendant from shooting him, and in the following struggle the officer managed to fire the pistol which shot defendant in the abdomen. Defendant was then taken to a hospital.

Defendant in testimony denied being in the shop but admitted passing in the vicinity of the shop, and ran when he saw the police. He stated that the officer was pointing the pistol at him and shot him when he tried to push the pistol away.

We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Some hours after defendant was taken to a hospital he was interviewed by a detective. After Miranda warnings defendant stated among other things that he had not been shot by the policeman but by a person named Barber who had cut him in the face a month earlier. The state, in a Jackson-Denno hearing, attempted to introduce defendant's pretrial statement in evidence but the trial court refused to rule the statement voluntary because defendant was seriously injured and intoxicated when he made the statement. After defendant testified in defense that he was shot by the officer while trying to prevent the officer from shooting him, the state in rebuttal was allowed over objection to impeach his testimony with his inconsistent pretrial statement that Barber had shot him. Although the trial court again considered the voluntariness of the statement for impeachment, the court refused to rule it voluntary, and said that it would be left to the jury.

Defendant asserts that the trial court erred in permitting his pretrial statement to be used in rebuttal without first ruling that it was voluntarily made.

In *Green v. State,* 154 Ga. App. 295 (1), 298 (267 SE2d 898), after consideration of decisions of the Supreme Courts of the United States and Georgia, we held that a defendant's confession could not be used to impeach his trial testimony unless the trial court first properly ruled the statement admissible on traditional voluntariness grounds. We recognized that if traditional voluntariness of a statement was found, even though the statement was inadmissible in the state's case in chief because of a procedural defect such as a failure to give the Miranda warnings, that the statement could be used for impeachment.

In the instant case, although the statement was not a confession or even incriminatory on its face, the rationale of *Green v. State* applies as defendant's statement also was not ruled admissible based on traditional standards of voluntariness. "*[A]ny* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law 'even though there is ample evidence aside from the

confession to support the conviction.' [Cits.]" Mincey v. Arizona, 437 U. S. 385, 398 (98 SC 2408, 57 LE2d 290). Therefore, such use of the statement was error and the judgment must be reversed.

The result we have reached does not conflict with *Wilson v. Zant,* 249 Ga. 373 (1), 377 (290 SE2d 442), where it was held that even though a defendant's pretrial exculpatory statement was inadmissible in the state's case in chief because he had been interrogated after requesting counsel (a procedural defect or what the court refers to as a prophylactic rule), the use of the statement for impeachment only was harmless beyond a reasonable doubt in view of the evidence of guilt. *Wilson v. Zant* is inapposite as it did not involve a question of traditional involuntariness but one of procedural defect. "A distinction is drawn between police conduct which infringes directly upon an accused's constitutional rights and conduct which violates only the prophylactic rules developed to protect those rights." Id. at 378.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 7, 1982.

*Carl Greenberg,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Chris Jensen, Assistant District Attorneys,* for appellee.