## 64728. JOHNSON v. THE STATE.

DEEN, Presiding Judge.

Appellant was stopped by a state trooper for traffic violations. Lying in plain view in the back seat of appellant's automobile were three new tires bearing the name and address of a local automotive accessories distributor. Subsequent search of the automobile pursuant to a warrant revealed five more new tires bearing identical markings, and a new battery of a type carried by the distributor. Upon inquiry by the state trooper, the distributor discovered that his warehouse had been broken into and that there was missing a battery of the type discovered in appellant's possession, as well as eight tires marked identically to those found in appellant's car. Appellant contended that he had not broken into the warehouse; that he had bought the battery for cash at an unspecified time from an unidentified "garage" in Florida; and that when he came upon the tires lying beside the road outside the fence enclosing the warehouse, he had simply appropriated them. Appellant brings this appeal from his burglary conviction and fifteen-year sentence, and enumerates seven errors. *Held:*

1. Appellant's allegation (#5) that the trial court erred in denying his motion to suppress is without merit. The record reveals that the trial court afforded him a full and fair Jackson v. Denno hearing and determined that his statement admitting theft of the tires was freely, voluntarily and intelligently given, without hope of benefit or fear of injury. Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964); *Sims v. State,* 221 Ga. 190 (144 SE2d 103)

(1965).

2. Appellant's allegations (#3, 4, 7) that the trial court erred in failing to direct a verdict of acquittal or to grant the motion for a new trial, as well as his enumeration of the general grounds, are also without merit. The evidence presented at trial raised factual questions which mandated a jury trial. Furthermore, the evidence of appellant's guilt of the offense charged in the indictment was sufficient to justify a reasonable trier of fact in finding appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

3. Also without merit is appellant's contention (#1) that the trial court erred in refusing to grant a mistrial following the court's allegedly prejudicial comments on an item tendered in evidence. Appellant's trial counsel objected to admission into evidence of the battery found in appellant's car on the ground that the identity of the battery as the one reported stolen from the distributor's warehouse had not been established beyond a reasonable doubt. It is true that, unlike the tires recovered from appellant's possession, the battery found in his car bore no markings indicating ownership in the automotive distributor. Circumstantial evidence, however (a battery of that exact type was missing, the battery storage area of the warehouse had been broken into, and the guaranty slip attached to the battery in appellant's car had not been punched as was customary when a battery was sold), gives rise to a strong inference of identity. The comment from the bench to which appellant objects appears in the trial transcript as follows: "[T]he jury heard the facts and the evidence is that this battery looked like batteries that were in the [warehouse] at the time of this occurrence. And I think that's sufficient to receive it into evidence." The jury had heard the distributor testify that a battery of the sort tendered in evidence was missing, and had heard law enforcement officers testify that the battery tendered was the one discovered in appellant's automobile. We find that the court's comment was not an expression of personal opinion but merely a ruling upon the battery's admissibility, and therefore no breach of Ga. Code Ann. § 81-1104. Compare *Jackson v. State,* 225 Ga. 39 (165 SE2d 711) (1969); *Ramco Roofing & Supply Co. v. Kaminsky,* 156 Ga. App. 708 (275 SE2d 764) (1980). Moreover, appellant's undisputed possession of tires that were positively identified as having been in the warehouse would alone constitute evidence sufficient, in the circumstances of the case, to justify a verdict of guilty. See *Chester v. State,* 144 Ga. App. 717 (242 SE2d 356) (1978). Even had we found the trial judge's comment to be error, then, it would have been harmless.

4. Appellant further alleges (#2) that the trial court committed reversible error in refusing to grant defense counsel's written request for a jury instruction on theft by receiving stolen property, Code Ann. § 26-1806. The indictment listed a single count: burglary. In refusing the request, the court stated, "I don't believe there is any evidence to justify that charge." In *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976), the Supreme Court of Georgia set forth rules regarding jury instructions, with particular reference to lesser included offenses. *Stonaker* held, in pertinent part, that "[t]he trial judge must charge the jury on each crime specified in the indictment . . . unless the evidence does not warrant a conviction of such crime . . ." The trial judge found that the evidence presented did not warrant an instruction on theft by receiving; moreover, that crime was not charged in the indictment. The court's refusal to give the requested instruction was therefore not error.

Appellant makes the further two-pronged assertion that (1) it was error to refuse the requested instruction because theft by receiving is a lesser included offense of burglary and (2) it was error to refuse to give the instruction because it embodied appellant's affirmative defense. As to the first of these, appellant cites the directive in *Stonaker,* supra, that when either party makes a written request for an instruction on a lesser offense, the court's "failure to so charge as requested, if the evidence warrants such requested charge . . ., shall be error." Theft by receiving stolen property is not, under Georgia law, a lesser offense included within the offense of burglary. *Gearin v. State,* 127 Ga. App. 811, 812 (195 SE2d 211) (1973); see *McRoy v. State,* 131 Ga. App. 307, 308 (205 SE2d 445) (1974). *Stonaker,* supra, therefore does not apply.

As to the second prong of appellant's contention, it is the law in Georgia that the trial court is obligated, with or without a request, to give an instruction on an affirmative defense raised by the evidence (including the defendant's own statements); the affirmative defense need not be specifically charged, however, "if the case as a whole is fairly presented to the jury." *Booker v. State,* 247 Ga. 74 (274 SE2d 334) (1981); *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975). The record does not indicate that appellant relied at trial on the theory of theft by receiving stolen property. In the colloquy between the trial judge and defense counsel regarding the request for an instruction on this theory, defense counsel merely stated that he considered such an instruction "applicable" but cited no statutory or case law to support his assertion. Counsel did not characterize the theory as appellant's affirmative defense and did not formally except to the refusal to give the instruction. A ground not raised by objection at trial cannot be raised for the first time on appeal. *Pulliam v. State,*

236 Ga. 460 (224 SE2d 8) (1976); *Ga. Railroad v. Thomas,* 73 Ga. 350 (1884). Furthermore, the court's instruction on the elements of burglary, in conjunction with those on parties to a crime, circumstantial evidence, credibility of witnesses, admissions, unexplained recent possession, and burden of proof, fairly and adequately presented the case to the jury. It was therefore unnecessary for the court to give the specific instruction requested. *Booker v. State,* supra. This enumeration is without merit.

5. Appellant's final enumeration concerns the allegedly improper denial of appellant's pre-trial Brady motion. The record reveals that all provisions of the relevant code sections were complied with. See Ga. Code Ann. § 27-1302. The court made an in camera inspection of the state's file and certified compliance. The district attorney stated in his place that certain materials requested at trial were not in his file and that he had not learned of the request until that day. We find no error in this enumeration.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 18, 1982.

*E. Kontz Bennett, Jr.,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.