## 66840. LANE v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of criminal use of an article with an altered identification mark. OCGA § 16-9-70 (Code Ann. § 26-1506). On appeal, he asserts that the trial court erred in denying his motion for directed verdict of acquittal and his motion for new trial, contending that the state failed to prove every element of the offense, that the circumstantial evidence relied on by the state was insufficient to support a conviction, and that the state improperly released certain evidence prior to trial.

The state's evidence showed that on December 7, 1982, appellant flagged down Atlanta police officer Sliz, who was on patrol in his squad car. Appellant claimed that he had been passing through Atlanta and that after stopping for a beer had lost the keys to his camper. Appellant's camper was parked in an unlighted commercial district near an electronics business. Officer Sliz called a wrecker for appellant, routinely entered appellant's name in the mobile computer, and left the scene. Some time later, Officer Sliz received from the computer a report implicating appellant in past criminal activity. When he returned to arrest appellant, appellant initially denied that he was the man the officer wanted but later admitted that he was, in fact, the man named in the report. Appellant's camper was impounded and the inventory search uncovered a number of tools and electronic equipment, and three television sets. Two of the three television sets were without serial numbers and one of the sets had had its serial number scratched off.

1. Appellant argues that the trial court erred in denying his motions for directed verdict and for new trial because the state failed to prove that he had *known* the identification number had been removed for the purpose of concealing the article's identity, and

because the state failed to prove that the identification number existed at all. Appellant's required knowledge "may be proved by circumstantial evidence or inferred from circumstances which would excite the suspicions of an ordinarily prudent man. [Cits.] 'Even though knowledge is denied by the defendant, the jury would be authorized to return a verdict of guilty based on the circumstances of the case. [Cits.]' " *Gunn v. State,* 163 Ga. App. 906, 907 (296 SE2d 221).

In *Rogers v. State,* 139 Ga. App. 656 (5) (229 SE2d 132), the defendant was convicted of violating OCGA § 16-9-70 (Code Ann. § 26-506) when he was found in possession of a gun that had deep gouge marks on the handle where the serial number was usually located. It follows that in the present case the jury could infer that the serial numbers in fact existed from the evidence that scratch marks were found where the identification numbers were generally located.

2. Appellant further asserts that even if the elements of the crime may be proved by circumstantial evidence, the circumstantial evidence relied upon by the state failed to establish appellant's guilt beyond a reasonable doubt and failed to exclude a reasonable hypothesis of innocence proffered by appellant. " 'In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt . . .' [Cit.] '[W]hether every reasonable hypothesis except that of the guilt of the [defendant] had been excluded, was a question for the jury where the jury was properly instructed on circumstantial evidence. [Cits.]' . . . The jury was instructed on the circumstantial evidence rule and apparently rejected appellant's hypothesis as unreasonable. We do not disturb its conclusion." *Rogers v. State,* supra, p. 659.

3. The television sets in question were released from custody by the state prior to trial. Appellant contends that this action was contrary to assurances made by the state that the sets would be available at the trial and that the physical presence of the sets would have contradicted the arresting officer's testimony. However, a review of the record on appeal reveals that no objection was made at trial to the witness' testimony, and that no motion to produce the television sets was ever filed. "The burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record." *Hall v. State,* 202 Ga. 619 (2) (44 SE2d 234). Therefore, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided November 28, 1983.

*Lawrence E. Burke,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Thomas Jones, Assistant District Attorneys,* for appellee.