69454. ADAMS v. THE STATE.
(328 SE2d 767)

BEASLEY, Judge.

Indicted for voluntary manslaughter, defendant appeals his conviction of the lesser offense of aggravated assault, based on evidence that defendant struck the victim in the head with a baseball bat. *Held*:

1. Defendant asserts the trial court erred in denying his motion for directed verdict of acquittal made on the grounds that the evidence showed that defendant acted in self-defense and thus was insufficient to support the verdict.

"A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a

rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560)." *Lee v. State*, 247 Ga. 411 (6), 412 (276 SE2d 590) (1981).

Upon careful examination of the conflicting evidence given by the numerous witnesses, we find the evidence is sufficient to meet the standard. The ascertainment of the truth was largely a matter of credibility of divergent viewpoints. Therefore, the trial court did not err in denying the motions for directed verdict and new trial.

2. Defendant made a written statement to police investigators in which he admitted that he struck the victim in the head with a bat. The statement was made after defendant and others contacted the police and said they would talk about the incident, so the police went out for them and took them in for interview. After the written statement was completed, a re-interview occurred about one hour later to clarify a point about Ledford.

A *Jackson-Denno* hearing was held,[1] focused on the written statement although the interviewer was also examined briefly about the later oral statement. The state did not pursue full questioning at that time about the oral statement because it did not intend to seek its admission, since the statement referred to appellant's co-defendant Ledford who was also on trial and thus the state deemed it inadmissible because it tended to prove Ledford's guilt. Defendant testified that he understood his rights and acknowledged so before he gave the written statement. The court found that the written statement was voluntary. Its contents, which did not implicate Ledford in any crime, were read to the jury, and the court instructed the jury that it was not to be considered as any evidence against Ledford.

Then during the course of defendant's testimony, during which he admitted striking the victim in the head with the bat, he testified that Ledford, the co-defendant, never touched the victim. At that point, the oral statement became relevant, and the state began to ask defendant about the re-interview.

Defendant objected for lack of a showing in a *Jackson-Denno* hearing that the oral statement was made freely and voluntarily and with an understanding of his rights. The court overruled the objection, expressly limiting the use of the statement for impeachment purposes. It was not then admitted. When defendant repeated the testimony that he did not see Ledford hit Nelson, defendant's attention was directed to the day of the interviews and he denied any oral

---

[1] The object of such is to determine if the statement was made voluntarily and with an understanding of constitutional rights surrounding the making of such a statement, so as to assure the legally minimum degree of the contents of the statement. *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

re-interview. The subject was not then pursued. Appellant's counsel and Ledford's counsel both examined appellant on whether he saw Ledford strike or beat the victim, and he said he did not.

The investigator was recalled on rebuttal by the state, which first elicited testimony concerning whether defendant was again informed of his *Miranda* rights[2] pursuant to the written form before further questioning. The investigator indicated that defendant acknowledged again that he understood and volunteered answers to the further questions and that there were no threats, force, or promises made. The state then asked what defendant said in relationship to Ledford, and the witness related that defendant said he saw Ledford start hitting on Nelson on the ground and that he, Adams, ran over and pulled Ledford off. No objection was made at that time by defendant, and the court expressly instructed the jury that the evidence was to be considered solely for impeachment of Adams and not as substantive evidence against Ledford. On cross-examination by defendant's counsel, the investigator said he did not ask defendant to write out and sign the second statement, which he made notes of, because it was just to clarify a point. Counsel did not cross-examine the investigator on the subject of voluntariness.

Error is enumerated on the ground that the trial court had not considered the oral statement in the *Jackson-Denno* hearing nor had he ruled it voluntary as required by *Green v. State*, 154 Ga. App. 295 (1) (267 SE2d 898) (1980); *Platt v. State*, 163 Ga. App. 776 (2) (296 SE2d 113) (1982); and *Fain v. State*, 165 Ga. App. 188 (6) (300 SE2d 197) (1983).

The fact that the oral statement was made, without going into its contents, was offered to impeach defendant's testimony that he did not have a re-interview. That aspect of it is not challenged by defendant. The content of the statement was offered to impeach defendant's substantive testimony to the contrary, concerning Ledford's physical contact with the victim.

While it may have been preferable to hold another *Jackson-Denno* hearing at that point, with respect specifically to the continued awareness of defendant of his right and the then-existing voluntariness of the statement, no reversible error was committed. Defendant "was entitled to a determination of the issue [of voluntariness] by the trial court before the statement could be used, although not to a separate '*Jackson v. Denno* hearing.' [Cits.]" *Fain v. State*, supra at 190. "The statement of the defendant offered into evidence was offered only for the purpose of impeachment. In these circumstances a separate hearing on voluntariness of the statement as determined in

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

*Jackson v. Denno, . . .* is not required." *Scott v. State,* 243 Ga. 233 (1) (253 SE2d 698) (1979).

It is clear from the record that the court ruled on the matter in overruling the objection which was based primarily on the ground that advice of rights and voluntariness had not been determined. That is what the court was doing by its ruling, thus demonstrating its satisfaction that the requirements had been met before the re-interview was conducted. See *Payne v. State,* 249 Ga. 354 (7) (291 SE2d 226) (1982). And before the oral statement was admitted, for its carefully circumscribed purpose, it was explicitly established by the investigator's testimony, without any challenge or contradiction by appellant, that his rights had again been afforded him and that he voluntarily gave the clarifying information sought. The requirements for admissibility were shown and when that was done, it was not refuted by cross-examination of the investigator nor by contrary testimony of the defendant. The facts and legal issues in the cases cited by appellant are inapposite.

Moreover, the re-interview statement was used to impeach what defendant said at trial concerning *another* person's involvement; it was not a "confession" or incriminating, pointing to his own guilt, nor exculpatory either. Cf. *Wilson v. Zant,* 249 Ga. 373, 377 (290 SE2d 442) (1982).

3. Kilgore, another co-indictee, pled guilty and testified as a witness for the state. In his testimony in response to the prosecutor's questioning, Kilgore admitted that he had pled guilty to the lesser offense of aggravated assault and received a prosecution-recommended sentence of five years probation and four months in a diversion center as a first offender. Defendant claims error in the admission of such testimony on the grounds that the state was impeaching its own witness and that evidence of the guilty plea to aggravated assault and the sentence received indicated to the jury that defendant would not be sentenced to prison if convicted of aggravated assault.

There is no merit in the impeachment of one's own witness claim as the prosecutor has a duty to disclose any understanding concerning the testimony of an accomplice because it is relevant to the accomplice's credibility. Failure to do so is a violation of due process. *Potts v. State,* 241 Ga. 67 (2) (243 SE2d 510) (1978). Compare *Harbin v. State,* 165 Ga. App. 631 (2) (302 SE2d 386) (1983); *Williams v. State,* 151 Ga. App. 683 (5) (261 SE2d 430) (1979).

As to the remaining ground, defendant did not object to the evidence of the sentence Kilgore received when it came in evidence and is thus not in position to assert error thereon in this court. *Johnson v. State,* 164 Ga. App. 7 (4) (296 SE2d 202) (1982). Moreover, even if the issue had been properly raised, when the jury asked the court what the punishments for aggravated assault and involuntary man-

slaughter were, the court clearly instructed that punishment was not to be considered in their determination of guilt or innocence. In view of this instruction, defendant's contention that he was found guilty of aggravated assault because of the sentence Kilgore received is mere speculation at the very most.

As a matter of fact, defendant in his closing argument introduced a different specter entirely, clearly appealing to the seriousness of the jury's verdict because of its potential consequences on defendant: "And on Tracy Kilgore please don't be confused. Mr. Adams is not here talking about aggravated assault and five months probation. You're not to consider what the punishment would be. We're [sic] rolled our marbles for all or nothing. We're not talking five months probation. No, sir. Don't think if you find him guilty that's what he's going to end up doing. We didn't make any deals, compromise." Thus he dispelled any notion that a lenient sentence would result.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 14, 1985.

*Harlan M. Starr*, for appellant.

*Stephen A. Williams, District Attorney, Steven M. Harrison, Kermit N. McManus, Assistant District Attorneys*, for appellee.