## 43977. THOMAS v. THE STATE.
(351 SE2d 453)

WELTNER, Justice.

Larry W. Thomas shot and killed his wife with a handgun. The event occurred following a brief but acrimonious quarrel which began when his wife complained about Thomas' drinking alcohol and ended with her admission that she had been seeing another man. Thomas then "screamed and hollered," and "jumped up and went in the closet and grabbed the pistol." His wife fled the house trailer in which they lived. Thomas followed and shot at her five times. One of the projectiles pierced her heart, and she died almost immediately. One of Thomas' neighbors, upon hearing the shots and seeing Thomas shoot his wife, ran across a road and seized Thomas' four-year-old son in order to bring him to safety. Using a rifle, Thomas fired twice at the neighbor, who was carrying Thomas' son in his arms. Thomas then fired at his wife with the rifle. Thomas then sat down on his front steps, laying aside the rifle, and remained there until police arrived and arrested him without resistance.

Thomas was found guilty of malice murder and of two counts of aggravated assault.[1] At trial, Thomas testified that he remembered the first shot he fired at his wife, but did not remember firing any other shots, including the two which were fired at his neighbor and his son.

1. The evidence in this case is such that a rational trier of fact reasonably could have found Thomas guilty beyond a reasonable doubt of malice murder and of each of the two counts of aggravated assault. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thomas did not appeal the convictions for aggravated assault. However, with respect to the conviction for malice murder, he contends the trial court committed reversible error in refusing to grant a motion for mistrial made by his attorney. We disagree and affirm. During the assistant district attorney's cross-examination of Thomas, he was asked if in a letter he had sent to a named person he had said

---

[1] Thomas was indicted during the July 1985 term. He was tried and found guilty on November 5, 1985. His motion for new trial was filed on December 5, 1985, and was denied on August 26, 1986. The transcript was certified on October 8, 1986. This appeal was docketed in this court on October 2, 1986, and was submitted without argument on December 5, 1986.

he hoped he could get off by being convicted of voluntary manslaughter, and could be out of prison in three years. Thomas admitted that he had done so. Later on redirect, Thomas was asked by his lawyer if he knew the penalty for manslaughter, and Thomas replied that it was imprisonment for 20 years.

3. Thomas completed his testimony at noontime. The jury was sent to lunch, and the trial court conducted a conference relative to proposed charges. At 2:00 o'clock p.m., the trial resumed. Four witnesses testified, and after both parties had rested, another conference regarding proposed charges was held out of the jury's presence. It was during this conference that Thomas' attorney moved for a mistrial on the ground that "the subject of punishment for the [offense] of manslaughter was brought up by counsel for the state." After argument, the court charged *inter alia* on the elements of voluntary manslaughter and instructed the jury not to concern itself with punishment.

4. The motion for mistrial came too late. Objection should have been made immediately upon the asking of the question. Absent timely objection or motion, there was no error. *Adams v. State*, 173 Ga. App. 877 (328 SE2d 767) (1985); *State v. Peabody*, 247 Ga. 580, 581 (277 SE2d 668) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 15, 1987.

*Timothy W. Floyd*, for appellant.

*Harry N. Gordon, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.