A01A0072. FRAZIER v. THE STATE.
(549 SE2d 133)

SMITH, Presiding Judge.

Shaun Frazier, alias Shaun Brown, Shun, and Anthony Green, and Bobby Spradley were indicted by a Chatham County grand jury on numerous charges arising out of an armed robbery on the streets of Savannah. The underlying facts may be found in co-defendant Spradley's earlier appeal. *Spradley v. State,* 242 Ga. App. 340 (529 SE2d 647) (2000). Frazier was charged with two counts of armed robbery, possession of a firearm during the commission of a felony, criminal use of an article with an altered identification number (a bulletproof vest), and obstruction of a police officer. A jury convicted Frazier and Spradley on all counts. After filing and withdrawing one appeal, Frazier filed a motion for new trial, which was denied. He appeals, and we affirm.

1. Frazier contends the trial court erred in denying his *Brady* motion on the morning of trial. In his oral motion, Frazier requested that the trial court order the State to "check with" state "agencies" to see if witnesses for the State had any "drug involvement."[1] The prosecutor stated that she had questioned the witnesses regarding "any criminal history or any drug involvement and they have told me no repeatedly."

While Frazier alleges that "several assistant district attorneys are housed in the CNT's main office," he has presented no evidence that any particular CNT member was "an integral part of the prosecution team" in this case or that the prosecutor had authority over him or her. *Zant v. Moon,* 264 Ga. 93, 100 (3) (440 SE2d 657) (1994). "*Brady* does not impose an affirmative obligation on the prosecution to seek out information for the defense, even if such information is more easily accessible to the prosecution than to the defense." (Citations and punctuation omitted.) *Ferguson v. State,* 226 Ga. App. 681,

---

[1] In his brief on appeal, Frazier refers to only one agency and only by its initials, "CNT." While never identified on the record, the initials appear to represent the Chatham Narcotics Team, even though Frazier refers to it as a "State investigatory agency." See *Bryant v. State,* 245 Ga. App. 892, 893 (539 SE2d 523) (2000).

685 (3) (487 SE2d 467) (1997). We find no error in the trial court's denial of Frazier's motion.

2. Frazier next complains that the trial court erred in failing to grant his motion for mistrial following a portion of the prosecutor's opening statement, contending that it placed his character in evidence. Referring to the bulletproof vest Frazier was wearing when he was apprehended, the prosecutor stated: "[I]t was clearly a Savannah Police Department vest, but all of the labels had been ripped out of it so that you — it didn't say Savannah Police Department anymore. And Detective Best will probably testify that they had a lot of problems with guys like him stealing their vests." At this point, Frazier interposed his objection and motion for mistrial.

Frazier does not support this contention by citation of authority or argument as required by Court of Appeals Rule 27 (c). And his only argument addresses evidence of two prior convictions that are not in this record and appear to be unconnected with this case. It seems likely that a portion of an appellate brief in some other case was supercopied and reused for this appeal without making appropriate changes in the facts. This argument is unsupported by the record, and we will not consider it.

But even if Frazier had properly raised his appellate argument, his contention is without merit. Even if an opening statement by the State departs from "an outline of what the State expects admissible evidence will prove at trial . . . a conviction will not be reversed if the State acted in good faith and if the trial court instructed the jury that the State's opening statement is not evidence and has no probative value." *Bellamy v. State*, 272 Ga. 157, 160 (5) (527 SE2d 867) (2000). Evidence was presented that all the labels and identification numbers had been "ripped off" the vest Frazier was wearing when he was arrested. A police officer testified that the purpose of doing so was to make it impossible to trace the vest and that there would be no "legitimate reason" to possess a vest in this condition. The trial court instructed the jury immediately before opening statements that the attorneys would "tell you what they think the evidence will be" and that "what the lawyers say is not evidence." In view of the evidence tending to show that the vest was stolen, the assertion that the police "had a lot of problems" with "guys like" Frazier stealing their vests, while not strictly supported by the evidence, was an inference that could be drawn from Frazier's possession of stolen property. Nothing in the record indicates that the State acted in bad faith in making the statement, and the trial court clearly instructed the jury that the opening statements were not evidence. We therefore find no reversible error.

3. Frazier's double jeopardy claim is foreclosed by our decision in *Spradley*, supra, on the double jeopardy claim of his co-defendant. In

that case, we found that evidence existed that the prosecutor did not intend to cause a mistrial in order to gain a delay and was prepared to try the case. The trial court's finding of fact was authorized by the record, and the trial court properly denied the plea in bar. Id. at 343 (1).

4. Frazier next enumerates as error the trial court's failure to grant his motion for mistrial after a question directed by the prosecutor to a police witness that referred to Frazier's right to remain silent. As part of a lengthy series of questions eliciting the police arrest and booking procedure, the prosecutor asked, "Did they agree to talk?" The officer responded, "No."

First, Frazier failed to object or move for a mistrial in timely fashion. The prosecutor continued questioning the officer about the booking process and had moved on to identifying the cocaine seized from Frazier's co-defendant before Frazier interposed an objection. "The motion for mistrial came too late. Objection should have been made immediately upon the asking of the question. Absent timely objection or motion, there was no error. [Cits.]" *Thomas v. State*, 256 Ga. 616, 617 (4) (351 SE2d 453) (1987). See also *Willis v. State*, 241 Ga. App. 813, 815 (2) (527 SE2d 895) (2000).

Moreover, even if Frazier had preserved this error for appeal, he has failed to show that the trial court abused its discretion in denying his motion for mistrial.

> Improper reference to a defendant's silence does not automatically require reversal. Here, the trial court promptly gave curative instructions on the right of the accused to remain silent and unambiguously instructed the jury to disregard the comments and not to draw any adverse inference from the fact that the accused has asserted his right to remain silent.

(Citation and punctuation omitted.) *Ledford v. State*, 221 Ga. App. 238, 242 (4) (470 SE2d 796) (1996). As soon as Frazier raised his objection, the trial court explicitly instructed the jury regarding the "absolute right" of every citizen to remain silent and that jurors were to draw no inference or conclusion because the defendants did not make a statement. The trial court did not manifestly abuse its discretion in giving immediate and clear cautionary instructions to the jury, and we will not disturb its decision denying a motion for mistrial. See *Mosier v. State*, 218 Ga. App. 586, 589-590 (4) (462 SE2d 643) (1995).

5. Frazier contends the trial court erred in denying his motion to sever his trial from that of co-defendant Spradley. But while Frazier cites the established law on the criteria for severance, he makes no

effort to show how this law applies to the evidence in this case by citation to the record or otherwise. Frazier's merely conclusory statement in his brief that "the requirements . . . have been met" is not sufficient to comply with Court of Appeals Rule 27 (c).

Moreover, the record does not support Frazier's contention.

> In a noncapital case, whether to sever defendants' trials lies within the trial court's discretion, which will not be disturbed unless it is abused. In exercising its discretion, the court must consider three factors: (1) whether a joint trial will create confusion of evidence and law; (2) whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and (3) whether the co-defendants will press antagonistic defenses.

(Citations and punctuation omitted.) *Nanthabouthdy v. State*, 245 Ga. App. 456, 457-458 (1) (538 SE2d 101) (2000). Frazier and Spradley acted in concert in perpetrating the armed robbery, and all the charges against them arose from the robbery and subsequent high speed chase. The possibility for confusion of evidence or law was slight, if it existed at all. While Spradley was charged with drug possession and Frazier was not, Frazier took the stand and testified that he and Spradley were in business together "distributing cocaine." Far from requesting a cautionary instruction against considering this evidence against him, Frazier raised the issue himself in an attempt to support his contention that his and Spradley's only contact with the victims was a drug transaction, not a robbery. While Spradley did not testify, his attorney made the same contentions in closing argument. *Redding v. State*, 239 Ga. App. 718, 721-722 (4) (521 SE2d 840) (1999). There was no showing that either defendant presented an antagonistic defense. *Nanthabouthdy*, supra. Frazier has not demonstrated that the trial court abused its discretion in denying his motion to sever.

6. Finally, Frazier contends the trial court should have "dismissed" Count 4 of the indictment charging him with criminal use of an article with an altered identification number, the bulletproof vest he was wearing when arrested. He appears to be asserting a sufficiency of the evidence argument, contending that the State failed to present "testimony or evidence . . . concerning the manufacturer's serial number." But, as noted in Division 2, a police officer testified that the same or similar vests used by the Savannah Police Department had multiple labels and identification numbers and that all of them had been "ripped off" the vest worn by Frazier. Moreover, he testified that such numbers were removed in order to prevent tracing

the vest and that there would be no "legitimate reason" to possess a vest in this condition.

Both the existence of a manufacturer's serial number and a defendant's knowledge of its existence "may be proved by circumstantial evidence or inferred from circumstances which would excite the suspicions of an ordinarily prudent man." (Citations and punctuation omitted.) *Lane v. State,* 169 Ga. App. 63, 64 (1) (311 SE2d 240) (1983).[2] The trial court did not err in denying Frazier's motion for directed verdict on this issue.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MAY 3, 2001.

*Orin L. Alexis,* for appellant.

*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, Assistant District Attorney,* for appellee.

