## 34570. KNIGHT v. THE STATE.

BOWLES, Justice.

Appellant, Terry Knight, was convicted of burglary in that he unlawfully entered the residence of the victim with intent to commit the felony of aggravated assault and with intent to commit rape. He had been indicted under the Habitual Offender Act (Code Ann. § 27-2511), his previous felony offense being Criminal Attempt to Commit Aggravated Sodomy. As a second offender under the Habitual Offender Act, one convicted must receive the maximum sentence for the offense of which he is convicted. The trial judge sentenced appellant to twenty years in confinement, the maximum sentence for burglary, stating that he believed he had no authority to probate any part of the sentence.

We affirm appellant's conviction but reverse his twenty year sentence in confinement and remand for a new sentencing hearing.

1. Appellant first contends that the Habitual Offender Act violates separation of powers (Art. I, Sec. II, Par. IV of the Georgia Constitution; Code Ann. § 2-204) in that the legislature has mandated how trial judges shall sentence second offenders. Appellant is particularly concerned that the trial judge is permitted to exercise no discretion between a minimum and maximum sentence as he is under other criminal statutes. The question then is, is the power to prescribe punishments for crimes a judicial or legislative function and if it is legislative can the legislature eliminate a trial judge's discretion in

sentencing?

"The power to create crimes and to *prescribe punishment therefor is legislative." Johnson v. State,* 169 Ga. 814, 817 (152 SE 76) (1929). (Emphasis supplied.) "The judge is a mere agent of the law. He has no discretion except as it is given him. The *penalty* is affixed *by law." Hill v. State,* 53 Ga. 125, 127 (1874). (Emphasis in original.) "In the absence of legislation, the judiciary cannot exercise discretion in fixing the quantum of punishment to be inflicted upon criminals. Such power is not one which inheres in the judicial department." *Johnson v. State,* supra. Thus it is within the power of the legislature to direct the punishment to be prescribed for second offenders and to leave no discretion to the trial judge.

Appellant next asserts that separation of powers is violated because of prosecutorial discretion. He argues that since a district attorney can decide whether to indict a criminal under the Habitual Offender Act or not, he is usurping the trial court's duty to sentence second offenders and, in fact, fixing the sentence himself. Prosecutorial discretion in this situation is no different from prosecutorial discretion in any other. Given any set of facts, prosecutors must exercise discretion as to what the criminal charge will be. Homicides could be indicted as murder, voluntary manslaughter, or involuntary manslaughter. By not seeking the death penalty in a murder case, a prosecutor in effect fixes the sentence — that is, life imprisonment. Therefore, since prosecutorial discretion comes into play under every criminal statute, it is not, of itself, grounds for striking a given statute down as unconstitutional. See: State v. Martin, 190 Neb. 212 (206 NW2d 856) (1973).

Appellant next contends that the arbitrary and selective manner in which Code Ann. § 27-2511 is used throughout the State of Georgia violates due process, equal protection, and constitutes cruel and unusual punishment. At the second sentencing hearing appellant attempted to introduce testimony and affidavits into evidence to show that although the policy in the Macon Judicial Circuit is to indict all candidates for the Habitual Offender Act as habitual offenders, that is not the policy

in several other judicial circuits around Georgia. The affidavits showed that the Habitual Offender Act was never used in five of the circuits and was rarely used in a sixth. (Appellant had taken a sampling of circuits from around the state). The testimony and affidavits were excluded from evidence as irrelevant and properly so. The United States Supreme Court in Oyler v. Boles, 368 U. S. 448 (82 SC 501, 7 LE2d 446) (1962) held that even the conscious exercise of some selectivity in enforcement of a recidivist statute was not a constitutional violation provided the selection was not "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." 368 U. S. at 456. See also Bordenkircher v. Hayes, 434 U. S. 357 (98 SC 663, 54 LE2d 604) (1978). The affidavits and testimony presented on behalf of appellant showed no such standard. Therefore, they were irrelevant to the proceeding and correctly excluded. Appellant himself admits that the district attorney in the Macon Judicial Circuit uses the Habitual Offender Act in 100 per cent of the cases in which it is appropriate. His objection is that if he had committed his crime elsewhere in the state he may not have been dealt with so severely. This contention was rejected recently by the Fifth Circuit Court of Appeals, in Rummel v. Estelle, 587 F2d 651 (5th Cir. 1978). There the court pointed out that a petitioner challenging his sentence carries a heavy burden which he does not discharge merely by showing that he is being treated more harshly than he would be elsewhere. 587 F2d at 655.

Appellant does not allege that a sentence of twenty years for burglary with intent to commit aggravated assault and intent to commit rape is, of itself, cruel and unusual. His complaint is that it is mandatory and leaves a trial judge no discretion to impose a lesser sentence. Since the Habitual Offender Act statute as applied here does not offend constitutional principles and the sentence is not cruel and unusual simply as to its length, appellant's challenges to the statute cannot be sustained. The trial court correctly overruled his demurrers and plea in abatement.

2. In a related enumeration of error, appellant contends that the trial court erred in finding that it could

not probate any part of appellant's sentence under Code Ann. § 27-2502, but that his sentence had to be twenty years in confinement. Appellant also argues that Code Ann. § 27-2502 effectively repealed § 27-2511 by implication and thus he was sentenced under an invalid statute.

Code Ann. § 27-2502 was enacted and § 27-2511 was amended to its present form by the 1974 General Assembly. Further, this was done in the same *Act* by that body. See, Ga. L. 1974, pp. 352, 354, 355. Under these circumstances, there is no repeal by implication as the legislature obviously intended the statutes to be read together. However, since the two statutes must be read together, we believe the trial court did err in finding that no part of a sentence under that part of § 27-2511 dealing with second offenders could be suspended or probated.

The relevant portion of Code Ann. § 27-2502 is as follows: "Upon a verdict or plea of guilty in any case involving a misdemeanor or felony the judge fixing such sentence shall prescribe a determinate sentence for a specific number of years, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, except in cases in which life imprisonment or capital punishment is imposed. The judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence, under such rules and regulations as he deems proper."

The wording of this statute is plain — a judge can probate a sentence in *any* case involving a felony except where the punishment is life imprisonment or death. Unless for some reason this statute is inapplicable to the case at bar, it shall control.

Some criminal statutes are, by their express terms, removed from the application of § 27-2502. Code Ann. § 26-1601 (b) dealing with a second or third conviction of burglary states: "Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred or withheld for any offense punishable under this subsection." Code Ann. § 26-1902 dealing with armed robbery states in subsection (b): "Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred or withheld for any offense punishable under

subsection (a) of this section." Code Ann. § 68B-308 (c) dealing with habitual violators caught driving without a driver's license provides that "no portion of the sentence may be suspended, rebated or probated."

It is only logical that if the legislature had intended that a conviction of a second offense under § 27-2511 should result in a sentence that could not be suspended or probated, it would have said so just as it did in the statutes cited. Furthermore, the language of § 27-2511 indicates that such a result was not intended for second offenders. One convicted of a second offense is to be "sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted . . ." One convicted of a fourth offense shall "*serve* the maximum time provided in the sentence of the judge based upon said conviction" and shall not even be eligible for parole until the maximum sentence is served. (Emphasis supplied.)[1]

---

[1]Code Ann. § 27-2511 in its entirety reads: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted: Provided, however, any person who, after having been three times convicted under the laws of this State of felonies, or under the laws of any other State or of the United States, of crimes which, if committed within this State would be felonies, commits a felony within this State other than a capital felony, must, upon conviction of such fourth offense, or of subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served. For the purpose of this section conviction of two or more crimes charged on separate counts of one indictment or information or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction."

Conceivably the statute might be interpreted to mean that *parole* is the only way to escape the effect of § 27-2511 and even parole is only possible if one is a second offender. However, criminal statutes must be strictly construed against the state and liberally in favor of human liberty. *Matthews v. Everett,* 201 Ga. 730 (41 SE2d 148) (1947). If a statute increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty. *Gee v. State,* 225 Ga. 669 (171 SE2d 291) (1969). This being so, we hold that § 27-2511 does not compel a maximum sentence in *confinement* for second offenders but that the trial judge has discretion to probate or suspend this maximum sentence pursuant to § 27-2502. Therefore, the case must be remanded to the trial court for a new sentencing hearing in which the trial judge may exercise discretion as to how appellant's twenty year sentence may be served.

3. Appellant contends that his character was impermissibly placed in issue at trial and thus the trial court erred in overruling his motion for a mistrial. A police officer assigned to the Sex Crime Unit was testifying about her investigation of the crime. The district attorney asked her what action she took after hearing that a suspect was named Terry Knight and she answered, "Well, we had a Terry Knight so we went to our department, our I. D. Department . . ." At this point the judge interrupted and sent the jury out. Apparently what the witness was about to refer to was a "mugshot" of appellant which was later used in a photographic lineup. Under previous decisions of this court, actually exhibiting a mugshot to the jury has not been held erroneous. *Lee v. State,* 237 Ga. 179 (227 SE2d 62) (1976); *Creamer v. State,* 229 Ga. 704 (194 SE2d 73) (1972). Therefore, an arguable reference to a mugshot, while not to be encouraged, did not impermissibly place appellant's character in issue.

4. Appellant next asserts that the trial judge erred in giving the so-called "Allen" or "Dynamite" charge to the jury. First, the record does not reflect any objection at trial to the charge. In any event, the precise charge given has been approved by this court and is not error. *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43) (1974) and

cits.

5. Appellant's last enumeration of error alleges that the trial court erred in ruling testimony and affidavits from various district attorneys around the state irrelevant. This contention was discussed in division one of this opinion and no error was committed in this regard.

*Judgment affirmed in part, reversed and remanded in part. All the Justices concur.*

SUBMITTED FEBRUARY 19, 1979 — DECIDED APRIL 5, 1979.

*S. Phillip Brown,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.