35453. GREEN v. THE STATE.

HALL, Justice.

Green, convicted in 1979 of burglary after three prior felony convictions, was sentenced under the habitual offender statute, Code Ann. § 27-2511, to serve 20 years without parole. He seeks to bring his appeal to this court, urging as his single jurisdictional ground an argument that the cited Code section is unconstitutional because prohibiting parole of some sentences conflicts with the authority given the State Board of Pardons and Paroles in Art. IV, Sec. II of our State Constitution (Code § 2-2001). The merits of this argument have never been decided. At our request, the Attorney General of Georgia has filed a helpful brief.

Appellee urges that Green raises this point for the first time on appeal, having failed to raise it adequately at trial. Assuming without deciding that Green has not waived the point, he is plainly without standing to raise this constitutional argument. The habitual offender

statute dates from 1953, and the identical argument was sought to be raised in 1956 in a case in which the claim was made that the statute was void as violative of the parole board's powers. This court ruled that the appellant was without standing to contest the statute until such time as he claimed a right of parole and the statute was asserted against him as a bar. *Kryder v. State,* 212 Ga. 272 (91 SE2d 612) (1956), cert. den. 352 U.S. 850. Thus, the law of Georgia is clear that Green may not now raise this issue. Id. See *Riley v. Garrett,* 219 Ga. 345, 351 (133 SE2d 367) (1963). See also *Knight v. State,* 243 Ga. 770 (257 SE2d 182) (1979).

No issue remaining which would invoke this court's jurisdiction, the appeal will be transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED OCTOBER 9, 1979 — DECIDED NOVEMBER 21, 1979.

*J. Sewell Elliott, Jr., Brown, Katz, Dasher & Flateau, S. Phillip Brown,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.

*Russell N. Sewell, Assistant Attorney General,* amicus curiae.

HILL, Justice, concurring specially.

I concur in the judgment. However, see Op. Atty. Gen. 69-431.