60113, 60114. THE STATE v. O'NEAL; and vice versa.

QUILLIAN, Presiding Judge.
Defendant appeals his conviction for forgery and the state appeals his sentencing for the offense. The conviction was based on evidence that defendant presented a prescription with a false physician's signature for the controlled substance paregoric to a pharmacist. He was indicted, tried and convicted of a violation of Code Ann. § 26-1701 (Ga. L. 1968, pp. 1249, 1287; 1969, pp. 857, 860), first degree forgery. He was sentenced as a recidivist with six prior

felony convictions under Code Ann. § 27-2511 (Ga. L. Cobb, 840; 1953, Nov. Sess., pp. 289, 290; 1974, pp. 352, 355) to 10 years, 5 to serve and 5 probated. *Held:*

1. Defendant's sole contention is that his prosecution under Code Ann. § 26-1701, supra, the general statute on forgery carrying a maximum penalty of 10 years, was barred because Code Ann. § 79A-822 (a) (3) (Ga. L. 1974, pp. 221, 252; 1978, pp. 1668, 1678), prohibiting the acquisition of a controlled substance by forgery with a maximum penalty of 8 years, was enacted at a subsequent date.

We do not find this contention meritorious for several reasons.

A. The two statutes do not proscribe the same conduct. Defendant was indicted, tried and convicted for possession of a forged writing, a prescription, and the evidence supports that finding beyond a reasonable doubt. There is no evidence that defendant acquired possession of a controlled substance by the use of a forged prescription which is the essence of Code Ann. § 79A-822 (a) (3).

B. Assuming, without deciding, that the evidence was such as to allow prosecution either under Code Ann. § 26-1701 or § 79A-822, applicable would be Code Ann. § 26-506 (a) (Ga. L. 1968, pp. 1249, 1267), which provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

If a defendant can be indicted and tried on one trial for two crimes arising from the same conduct, but not convicted of more than one offense if one is lesser included in the other or they differ only in that one prohibits the conduct generally and the other specifically, it follows that a defendant can be tried and convicted separately of either one or the other of the two crimes, but not both.

C. If we agreed that Code Ann. § 79A-822 was the exclusive statute to be applied in this case, § 26-1701 still generally proscribes part of the same conduct, and any attempt to reindict and reprosecute would be barred by a plea of former jeopardy under Code Ann. § 26-507 (Ga. L. 1968, pp. 1249, 1267). *Marchman v. State,* 234 Ga. 40 (215 SE2d 467.)

D. Defendant's contention that Code Ann. § 79A-822 (a) (3) repeals by implication that part of Code Ann. § 26-1701 which pertains to forged prescriptions is not well taken. "Repeal by implication is not favored and if the later Act does not embrace the whole subject matter of the prior Act and is not entirely repugnant to it, the court should apply a construction that will give the two statutes

concurrent efficacy. [Cit.]" *Hunnicutt v. State,* 135 Ga. App. 774 (2), 776 (219 SE2d 22).

2. The state contends that the trial court erred by sentencing defendant as a recidivist under Code Ann. § 27-2511, supra, to 10 years, 5 to serve, 5 probated, instead of 10 years without eligibility for parole as required by the statute.

We dismiss the state's appeal for two reasons. First, as pointed out in *Knight v. State,* 243 Ga. 770 (2) (257 SE2d 182), although Code Ann. § 27-2511 mandates that a second offender must be sentenced to the maximum punishment for the offense of which convicted, there is no limitation on the trial court's authority under Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) to grant probation of such a sentence. This reasoning is equally applicable to a fourth offender recidivist who, under Code Ann. § 27-2511 is not eligible for parole until the maximum sentence has been served. Probation is not parole. While there is is a limitation on parole in Code Ann. § 27-2511, there is no such limitation on a trial judge's authority to probate a sentence in Code Ann. § 27-2502.

Second, as the sentence is not void, *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627), holding that void sentences are appealable by the state, is inapplicable. Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298), enumerating the specific situations wherein the state may appeal, does not allow for an appeal from an order denying the state's motion for reconsideration of the sentence as was done in this case.

*Judgment affirmed in 60114. The state's appeal is dismissed in 60113. Shulman and Carley, JJ., concur.*

Submitted June 17, 1980 — Decided September 8, 1980 — Rehearing denied November 12, 1980 —

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellant.
*Larry King,* for appellee.

ON MOTION FOR REHEARING.

We have carefully examined defendant's pro se motion for rehearing and his previously filed "argument in support" and, although we find that some of defendant's contentions are not relevant to the issues (such as the application of federal punishments in the case) and that others are resolved in the opinion, we conclude that defendant also is urging the general grounds. Denial of a motion for a new trial based on the general grounds was enumerated as error by defendant's counsel although not addressed in counsel's brief.

"After a jury has returned a verdict of guilty and the defendant

seeks reversal of his conviction by arguing that the trial court erred in failing to grant a motion for new trial on the general grounds, the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. [Cit.] It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.]" *Laws v. State,* 153 Ga. App. 166 (1) (264 SE2d 700).

The basis for defendant's conviction is set out in the opinion. We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Motion for rehearing denied.*