## 61801. JACKSON v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction and sentencing for burglary. *Held:*

1. In two enumerations defendant claims the trial court erred in admitting in evidence over his objections an oral pretrial statement he made to police and expert testimony identifying fingerprints found at the scene as his. The basis for the objections was that the state had not complied with Code Ann. §§ 27-1302 and 27-1303 (Ga. L. 1980, p. 1388), which exclude from evidence any such statements or scientific reports pertaining to a case if a defendant is not given copies of such at least 10 days prior to trial after a proper request is made therefor.

Defendant did prepare a proper and timely request for the production of these matters but it does not appear that it was ever served on the prosecutors. The prosecution denied that it had any notice of the request and the defense admitted in the trial court that the request was not served on the district attorney or his assistant but on some other person who worked in their office. The prosecutor

stated that at the time the request was made his office had no file on the case as defendant had not yet been indicted. This apparently resulted in the request being misfiled. That the prosecutor discovered the request shortly before trial cannot be construed as service within a reasonable time prior to trial. Cast in the form of a motion for discovery, the request was also filed with the clerk of court where it was also misplaced as the clerk also had no file on the case prior to indictment.

Code Ann. §§ 27-1302 and 27-1303, supra, are similar in effect to Code Ann. § 27-1403 (Cobb, 834; Ga. L. 1966, pp. 430, 431) which bars the testimony of any prosecution witness if his name is not included on a list of prosecution witnesses the defense is entitled to demand in advance of trial. A request for discovery of prosecution witnesses made of someone other than the district attorney or assistant district attorneys is not a proper demand. *Green v. State,* 223 Ga. 611 (1) (157 SE2d 257); *Beeks v. State,* 225 Ga. 200 (1) (167 SE2d 156).

Code Ann. § 38-801 (g) (Ga. L. 1966, pp. 502 through 1980, pp. 439, 440) applies to criminal cases (*Brown v. State,* 238 Ga. 98, 100 (231 SE2d 65)) and is also pertinent here. It provides that where a party desires to compel production of writings or other documents in the possession, custody or control of another party, the party desiring production may serve a notice to produce upon *counsel* for the other party.

Accordingly, because defendant did not make a proper request of the prosecuting attorneys for the matters desired, we find no error.

2. The general grounds are enumerated. The state's evidence showed that a convenience store had been broken into during the night and substantial property, including cigarettes, taken. When the burglary was discovered on the following morning, two cartons of cigarettes were found lying in the store some distance from where the cigarettes were kept. The cartons had defendant's fingerprints on them. When the store was closed the preceding evening, no cigarettes had been left where the cartons were found. The only two people who worked in the store testified that they had never seen defendant before and that he had never come into the store prior to the burglary. When defendant was identified through his fingerprints, he was discovered to be in jail for traffic offenses. Police investigators went to defendant's cell to talk with him. As they approached him, defendant voluntarily stated: "You ain't getting me on another burglary."

It is contended that this circumstantial evidence did not exclude every other reasonable hypothesis but guilt. Code Ann. § 38-109.

"To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have

been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed. [Cits.] These cases require the state to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. [Cits.]" *Barnett v. State,* 153 Ga. App. 430 (1) (265 SE2d 348).

There was no evidence of any other explanation of how defendant's fingerprints came to be on the cigarette cartons other than that they were put there during the course of the burglary.

"Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State,* 236 Ga. 242 (1), 245 (223 SE2d 643).

We find the evidence sufficient to authorize the jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant, having been indicted as a recidivist with three prior felony convictions, was sentenced to serve 20 years under Code Ann. § 27-2511 (Cobb, 840; Ga. L. 1953, Nov. Sess., pp. 289, 290; 1974, pp. 352, 355). We agree with defendant's contention that the trial court erred in stating that he had no discretion to grant probation in sentencing defendant.

"[A]s pointed out in *Knight v. State,* 243 Ga. 770 (2) (257 SE2d 182), although Code Ann. § 27-2511 mandates that a second offender must be sentenced to the maximum punishment for the offense of which convicted, there is no limitation on the trial court's authority under Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) to grant probation of such a sentence. This reasoning is equally applicable to a fourth offender recidivist who, under Code Ann. § 27-2511 is not eligible for parole until the maximum sentence has been served. Probation is not parole. While there is a limitation on parole in Code Ann. § 27-2511, there is no such limitation on a trial judge's authority to probate a sentence in Code Ann. § 27-2502." *State v. O'Neal,* 156 Ga. App. 384 (2), 386 (274 SE2d 575).

Accordingly, the sentence must be reversed and remanded so the trial court can determine under the power and authority granted by Code Ann. § 27-2502 whether any portion of defendant's mandatory sentence should be probated or suspended.

4. The remaining enumeration is controlled adversely to defendant by *Green v. State,* 244 Ga. 755 (262 SE2d 68).

*Judgment of conviction affirmed. The sentence is reversed and remanded with direction to resentence in accordance with Division 3 of this opinion. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 23, 1981 —
REHEARING DENIED MAY 14, 1981 ▮▮▮▮▮▮▮

*Harry J. Fox, Jr.,* for appellant.
*Theron Finlayson, District Attorney, Tony H. Hight,* for appellee.