## 64844. CHAPPELL v. THE STATE.

QUILLIAN, Chief Judge.

Willie Lee Chappell appeals his conviction for the offense of armed robbery, and sentencing as a recidivist. *Held:*

1. The defendant contends he "was illegally convicted and sentenced as a recidivist notwithstanding the fact that he had not been specifically indicted under any recidivist statute." We do not agree. Defendant was indicted for armed robbery, and the remainder of the indictment charged that on three previous occasions he had entered pleas of guilty to the felony offenses of robbery by intimidation, and two separate convictions of burglary. He argues that the present indictment "Never alleged that [he] was being indicted for the specific and separate criminal offense of being a habitual criminal in violation of Ga. Code § 27-2511."

First, Code Ann. § 27-2511 (Code § 27-2511, as amended through 1974, pp. 352, 355) does not proscribe a substantive offense. *Burke v. State,* 116 Ga. App. 753 (1) (159 SE2d 176). Title 27 of our Code sets forth the Criminal Procedure for this state. Code Ann. Ch. 27-25 provides for sentencing. Code Ann. § 27-2511 is the sentencing statute for recidivists. It merely provides for punishment applicable to second and fourth offenders of specified crimes. *Landers v. Smith,* 226 Ga. 274, 275 (3) (174 SE2d 427). The question posited by the above facts — but not articulated by the defendant, is whether the indictment was sufficient to inform an accused of the charges against him, to enable him to prepare his defense, and to plead double jeopardy if tried for a similar offense in the future. See *McKisic v. State,* 238 Ga. 644, 645 (234 SE2d 908); *Hopper v. Hampton,* 244 Ga. 361, 362 (260 SE2d 73).

" 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' " United States v. Debrow, 346 U. S. 374, 376 (74 SC 113, 98 LE 92) (1953). "Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused." Smith v. United States, 360 U. S. 1, 9 (79 SC 991, 3 LE2d 1041) "Upon a proceeding after verdict . . . no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner v. United States, 285 U. S. 427, 428 (52 SC 417, 76 LE 861). Thus, a defendant who was not misled to

his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on that ground. *State v. Eubanks,* 239 Ga. 483, 484 (238 SE2d 38). Any challenge to the indictment must be made prior to verdict or it is waived. *Mealor v. State,* 135 Ga. App. 682 (1) (218 SE2d 683); *Megar v. State,* 144 Ga. App. 564 (3) (241 SE2d 447). The record does not reveal any challenge to the indictment prior to verdict, nor is there any indication in the record that the defendant was misled. In fact, the sentencing transcript shows quite clearly that counsel and the defendant knew he had been indicted as a habitual offender. Further, similar indictments have been held to be sufficient for invoking the habitual offender statute. See *Burke v. State,* 116 Ga. App. 753 (1), supra; *Lloyd v. State,* 139 Ga. App. 625 (4) (229 SE2d 106); *Green v. State,* 154 Ga. App. 295, 299 (267 SE2d 898). This enumeration is without merit.

2. We agree with the defendant that Code Ann. § 27-2511 does not apply to capital felonies. *Clemmons v. State,* 233 Ga. 187, 188 (210 SE2d 657). However, the offense charged against the defendant — armed robbery, is no longer a capital felony. *Collins v. State,* 239 Ga. 400 (2) (236 SE2d 759); *Cook v. State,* 242 Ga. 657 (251 SE2d 230); *Patterson v. State,* 248 Ga. 875 (287 SE2d 7). Hence, defendant was properly sentenced under Code Ann. § 27-2511. *Davis v. State,* 159 Ga. App. 356, 361 (4) (b) (283 SE2d 286); *Ivory v. State,* 160 Ga. App. 193 (2) (286 SE2d 435); *Parrish v. State,* 160 Ga. App. 601 (7) (287 SE2d 603).

3. It is alleged that the indictment given to the jury revealed the three prior felony convictions of the defendant to them. This would have been error had it occurred. *Fore v. State,* 237 Ga. 507, 508 (228 SE2d 885). However, the record reflects that the indictment which went out with the jury (State Exh. 2) was masked to conceal the prior convictions. "The burden is on him who asserts error to show it affirmatively by the record." *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299). The record does not support the assertions argued in the enumeration. We find no error.

4. Defendant was convicted of the crime of armed robbery by taking from the person of Willie D. Shoates $1.35 by the use of a knife. He was indicted under Code Ann. § 27-2511 as a recidivist and the punishment imposed was life imprisonment. Defendant asserts such sentence is "cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution." This court, in interpreting Code Ann. § 27-2511 has held: "Having determined that the defendant was an habitual offender under Code § 27-2511, the trial court did not err in concluding that a sentence of life imprisonment was mandatory on each conviction [of armed robbery]." *Jackson v. State,* 158 Ga. App. 702 (7) (282 SE2d 181);

accord: *Parrish v. State,* 160 Ga. App. 601, 607-608, supra; *Landers v. Smith,* 226 Ga. 274 (3), supra.

" 'The power to create crimes and to prescribe punishment therefor is legislative.' . . . 'The judge is a mere agent of the law. He has no discretion except as it is given him. The penalty is affixed by law.' " *Knight v. State,* 243 Ga. 770, 771 (257 SE2d 182). The maximum penalty upon conviction for armed robbery is life imprisonment. Code Ann. § 26-1902 (CCG § 26-1902; Ga. L. 1968, pp. 1249, 1298; 1969, p. 810; 1976, p. 1359); *Cook v. State,* 242 Ga. 657, supra. Life imprisonment — as prescribed by the legislature, was the only authorized punishment under Code Ann. § 27-2511.

The U. S. Supreme Court in Rummel v. Estelle, 445 U. S. 263 (100 SC 1133, 63 LE2d 382), a case in which the defendant Rummel was sentenced to life imprisonment under a Texas recidivist statute following his third felony conviction — obtaining $120.75 by false pretenses, rejected Rummel's argument that the length of his sentence was so grossly disproportionate to the crime for which he was convicted that it violated the Eighth Amendment proscription against cruel and unusual punishment. The Supreme Court concluded that "one could argue without fear of contradiction by any decision of this Court that for crimes concededly classified and classifiable as felonies . . . the length of the sentence actually imposed is purely a matter of legislature prerogative." 445 U. S. at 274. They held Rummel's life sentence for a third felony conviction did not violate the constitutional ban on cruel and unusual punishment. See also Hutto v. Davis, 445 U. S. 947 (102 SC 1742, 70 LE2d 556).

Our own Supreme Court has found that a sentence of life imprisonment for the crime of armed robbery was not cruel and inhuman punishment. *Mydell v. State,* 238 Ga. 450 (2) (233 SE2d 199), U. S. cert. den. 431 U. S. 970. Accordingly, we find this enumeration to be without merit.

5. We do not find ineffective assistance of counsel for his alleged failure to call two witnesses. Defendant was present when his counsel spoke to his father. Counsel had been informed by the defendant that his brother would testify "for him" and asked defendant's father if he could locate his son and bring him to court the next day. He was assured by defendant's father his son would be in court and a subpoena would not be necessary. When the trial started, neither defendant's father nor brother appeared and counsel commented to the defendant "apparently his relationship with his family was not a very close one. He acknowledged this fact." The second witness, Tommy Freeman, was never called because "[a]t no time did Willie Chappell ever mention the name of Tommy Freeman as a potential witness in his defense."

In *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515), our Supreme Court adopted the standard for determining effectiveness of counsel as "not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." " 'When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel .consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy.' " *Austin v. Carter,* 248 Ga. 775, 779 (285 SE2d 542). The evidence shows consultation with the accused and adequate preparation, and that the failure of defendant's brother to appear was not the fault of counsel. Similarly, counsel cannot be expected to subpoena a witness that has never been mentioned by an accused until the trial is over. Our review of the record does not find support for appellate counsel's assertion of ineffective assistance at trial.

6. Although Code Ann. § 27-3006 (Ga. L. 1980, pp. 1382, 1385) requires a trial court to consider the fact of tender of restitution by a criminal offender to a victim before imposing sentence, in the instant case if there was a failure of the trial court to consider this fact it is not error as the sentence imposed was mandatory under the statute.

7. As stated above, the defendant was properly sentenced under Code Ann. § 27-2511 and Code Ann. § 27-2534.1 was not applicable.

8. It is argued that the cumulative effect of the enumerated errors was to deny defendant a fair trial. " 'Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error.' " *Haas v. State,* 146 Ga. App. 729, 734 (8) (247 SE2d 507), U. S. cert. den. 440 U. S. 922; *Sierra v. State,* 155 Ga. App. 198, 201 (270 SE2d 368).

Any allegation of unconstitutionality is negated by the transfer of this case from the Supreme Court to this court for review. See *Image Mills, Inc. v. Vora,* 146 Ga. App. 196, 199 (2) (245 SE2d 882). Secondly, the ground urged below in the amended motion for new trial was that "[t]he mandatory life sentence unconstitutionally disallows the Trial Judge from considering mitigating circumstances and the possibility of rehabilitation as for example when the previous felonies are remote and not violent in character." This specific ground was addressed in *Knight v. State,* 243 Ga. 770 (1), supra, and the assertion was held to be without merit. Additionally, in *Green v. State,* 244 Ga. 755 (262 SE2d 68), the Supreme Court found a defendant to be without standing to contest constitutionality of a

statute on the ground it prohibited parole until such time as he claimed a right to parole.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 21, 1982.

*Robert D. Pope,* for appellant.

*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.