## 66131. THE STATE v. BALDWIN.

CARLEY, Judge.

Appellee-defendant was indicted for armed robbery. The indictment also contained a recidivist count which specifically invoked the provisions of OCGA § 17-10-7 (Code Ann. § 27-2511), the general recidivist statute. OCGA § 17-10-7 (a) (Code Ann. § 27-2511) provides in relevant part: "A person convicted of a felony offense in this state and sentenced to confinement in a penal institution, who shall afterwards commit a crime punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense." The OCGA § 17-10-7 (a) (Code Ann. § 27-2511) recidivist count in the instant case was premised upon appellee's prior conviction for another armed robbery.

The jury returned a verdict of guilty. The trial court originally sentenced appellee to life imprisonment, ten years to serve and the remainder on probation. Subsequently, however, a resentencing hearing was held. Over the state's assertion that the proper sentence was life imprisonment pursuant to the general recidivist provisions of OCGA § 17-10-7 (a) (Code Ann. § 27-2511), the trial court determined that, because appellee's prior conviction was for armed robbery, the only sentence it could properly impose on appellee was one pursuant to the "specific" recidivist sentencing provisions of OCGA § 16-8-41 (b) (Code Ann. § 26-1902): "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than twenty years; provided, however, that, *for a second or subsequent such offense, the defendant shall be punished by imprisonment for not less than ten years.*" (Emphasis supplied.) The reasoning of the trial court was as follows: "Right now the way I feel about it, the armed robbery statute [OCGA § 16-8-41 (b) (Code Ann. § 26-1902)] specifically says that upon a second conviction [of armed robbery] which we have here, the minimum punishment shall be ten years; the maximum twenty years, none of which shall be probated. All right, they made that specific statement. I take the position that that means something. Why put that in there? You've got a recidivist statute and you are talking about a second conviction, which is a recidivist of course, why have that conflict [between OCGA §§ 17-10-7 (Code Ann. § 27-2511) and 16-8-41 (b) (Code Ann. § 26-1902)]?" Determining that the original life sentence was void, the trial judge then resentenced appellee to

fifteen years pursuant to OCGA § 16-8-41 (b)(Code Ann. § 26-1902).

The state appeals from the fifteen-year sentence imposed upon appellee pursuant to OCGA § 16-8-41 (b) (Code Ann. § 26-1902), asserting that it is void.

1. Appellee first asserts that there is no authority for the state to appeal from the sentence imposed by the trial court. As noted, the state contends that the sentence imposed pursuant to OCGA § 16-8-41 (b) (Code Ann. § 26-1902) is void because the verdict of guilty on the recidivist indictment required that appellee be sentenced pursuant to OCGA § 17-10-7 (Code Ann. § 27-2511). "A sentence which is not imposed in conformance with the verdict is void . . . [Cits.]" *Jones v. State,* 155 Ga. App. 382, 383 (271 SE2d 30) (1980). "[T]his court has ruled that void sentences are appealable by the state. [Cit.]" *State v. Shuman,* 161 Ga. App. 304, 306 (287 SE2d 757) (1982). Accordingly, we hold that the state's notice of appeal from a "judgment sentencing defendant," which is asserted to be void invokes this court's jurisdiction. *State v. Stuckey,* 145 Ga. App. 434, 435 (243 SE2d 627) (1978) (cert. denied). See also *State v. Shuman,* supra. Compare *State v. O'Neal,* 156 Ga. App. 384, 386 (2) (274 SE2d 575) (1980).

2. Citing *Strozier v. State,* 231 Ga. 140, 141 (2) (200 SE2d 762) (1973) and numerous cases following its mandate, appellee further asserts that at the resentencing hearing the state did not object to the imposition of sentence pursuant to OCGA § 16-8-41 (b) (Code Ann. § 26-1902) and that this failure to object "eliminates a subsequent review by this court. [Cit.]" *Strozier v. State,* supra at 142.

It affirmatively appears from the record that the state *did* assert at all times during the hearing that the proper statute for the imposition of appellee's sentence was OCGA § 17-10-7 (Code Ann. § 27-2511) and was not OCGA § 16-8-41 (Code Ann. § 26-1902), as the trial judge determined. Under these circumstances, it can hardly be urged that the state did not "object" to appellee's sentence.

Furthermore, unlike *Strozier v. State,* supra, and the other cases relied upon by appellee in asserting that the state has "waived" any error in the sentence, the instant case does not turn upon an alleged erroneous evidentiary ruling in the sentencing phase of the trial. Instead, the asserted error is the very sentence itself, which the state contends is void. A void sentence "in law amounts to *no sentence at all.* [Cit.]" (Emphasis supplied.) *State v. Stuckey,* supra at 435. It follows that if there is error, it is nonwaivable. Accordingly, we hold that the merits of the state's "void sentence" argument can be reached, even assuming for the sake of argument that there was no formal "objection" to the sentencing of appellee pursuant to OCGA § 16-8-41 (Code Ann. § 26-1902).

3. As noted above, appellee's indictment contained a recidivist count which specifically invoked the general recidivist statute, OCGA § 17-10-7 (Code Ann. § 27-2511), rather than the specific recidivist sentencing statute for armed robbery, OCGA § 16-8-41 (b) (Code Ann. § 26-1902). *"The sentence to which a defendant is subject is controlled by the indictment.* If the state indicts the defendant for armed robbery and in the recidivist count includes separate convictions of three prior felonies — [OCGA § 17-10-7 (Code Ann. § 27-2511)] is applicable — regardless of the fact that all three prior convictions are also armed robberies." (Emphasis supplied.) *Davis v. State,* 159 Ga. App. 356, 361 (4a) (283 SE2d 286) (1981). It follows that the trial court in the instant case erred when it, in effect, exercised an unauthorized discretion in setting appellee's final sentence pursuant to OCGA § 16-8-41 (b) (Code Ann. § 26-1902). " 'The power to create crimes and to prescribe punishment therefor is legislative.' [Cit.] 'The judge is a mere agent of the law. He has no discretion except as it is given him. The penalty is affixed by law.' [Cit.] 'In the absence of legislation, the judiciary cannot exercise discretion in fixing the quantum of punishment to be inflicted upon criminals. Such power is not one which inheres in the judicial department.' [Cit.] Thus it is within the power of the legislature to direct the punishment to be prescribed for second offenders and to leave no discretion to the trial judge. " *Knight v. State,* 243 Ga. 770, 771 (257 SE2d 182) (1979). Thus, under the indictment and guilty verdict returned thereon in the instant case, the trial court was required to sentence appellee pursuant to OCGA § 17-10-7 (a) (Code Ann. § 27-2511) to "the longest period of time prescribed" for armed robbery, that sentence being life imprisonment. The trial court erred in refusing to do so. "The maximum penalty upon conviction for armed robbery is life imprisonment. [Cits.] Life imprisonment — as prescribed by the legislature, was the *only authorized punishment under [OCGA § 17-10-7 (a) (Code Ann. § 27-2511)]."* (Emphasis supplied.) *Chappell v. State,* 164 Ga. App. 77, 79 (296 SE2d 629) (1982).

*Lloyd v. State,* 139 Ga. App. 625, 627 (4) (229 SE2d 106) (1976), involving recidivist sentencing in a drug violation case, does not require a different result. We have reviewed the record in *Lloyd* and it appears that the recidivist indictment in that case did *not* specifically invoke the provisions of OCGA § 17-10-7 (Code Ann. § 27-2511). Instead, it merely contained a bare assertion that the defendant had previously been convicted for another drug offense. Thus, while the actual language of *Lloyd* may give an erroneous impression concerning the legal basis for its holding that the "specific" rather than the "general" recidivist was applicable, it appears that that ultimate conclusion in that case was correct. The indictment controls

the sentence, but, absent a specific and unambiguous invocation of OCGA § 17-10-7 (Code Ann. § 27-2511), it appears that the "intent" of the indictment in *Lloyd* was to charge the defendant more "leniently" as a recidivist for a specific crime rather than more "harshly" as an habitual offender. Cf. *Green v. State,* 154 Ga. App. 295, 298 (4) (267 SE2d 898) (1980). See generally *Curtis v. State,* 102 Ga. App. 790, 802 (118 SE2d 264) (1960). However, in the case at bar, the indictment specifically invokes OCGA § 17-10-7 (Code Ann. § 27-2511), so that, unlike *Lloyd,* no ambiguity exists concerning which recidivist statute is the appropriate one pursuant to which appellee's sentence should have been set.

Accordingly, appellee's sentence is not in conformance with the verdict and is void. That void sentence must be reversed and a life sentence imposed pursuant to OCGA § 17-10-7 (a) (Code Ann. § 27-2511). *State v. Shuman,* supra at 306 (7); *Parrish v. State,* 160 Ga. App. 601, 608 (287 SE2d 603) (1981).

4. In reversing and remanding this case to the trial court with direction that a life sentence be imposed in accordance with the indictment and the clear mandate of OCGA § 17-10-7 (a) (Code Ann. § 27-2511), we are further compelled to address the issue of what discretion, if any, the trial court will have to probate or suspend a portion of this mandatory sentence. OCGA § 17-10-7 (a) (Code Ann. § 27-2511) requires the imposition of the maximum sentence, and further states "that *unless otherwise provided by law,* the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense." (Emphasis supplied.) In *Knight v. State,* supra, at 775, it was held that OCGA § 17-10-7 (a) (Code Ann. § 27-2511) "does not compel a maximum sentence in confinement for second offenders but that the trial judge has discretion to probate or suspend this maximum sentence *pursuant to [OCGA § 17-10-1 (Code Ann. § 27-2502)]." Knight* dealt with the imposition of a determinate maximum sentence for a specific number of years, a circumstance which triggers the applicability of OCGA § 17-10-1 (Code Ann. § 27-2502). That circumstance does not exist, however, in the instant case wherein the maximum sentence which can be imposed is life imprisonment. This is true because by its very terms, OCGA § 17-10-1 (Code Ann. § 27-2502) does *not* apply to sentences of life imprisonment. OCGA § 17-10-1 (Code Ann. § 27-2502) "expressly abrogates the trial court's discretionary power to grant probation 'in cases in which life imprisonment or capital punishment is imposed.'" *Miller v. State,* 162 Ga. App. 730, 735 (292 SE2d 102) (1982). Thus, in the case sub judice, unlike *Knight,* it is "otherwise provided by law" that the trial court has no discretion to probate or suspend a portion of appellee's life sentence. Therefore, *Knight* is clearly

distinguishable from, and inapplicable to the instant case. Therefore, we hold that, upon remand, appellee must be resentenced to life imprisonment, and that the trial judge has no discretion to probate or suspend a portion of such sentence. *Miller v. State,* supra.

Since appellee is clearly a second offender recidivist who must be sentenced to life imprisonment pursuant to OCGA § 17-10-7 (a) (Code Ann. § 27-2511), and since OCGA § 17-10-1 (Code Ann. § 27-2502) is not applicable, we need not decide in the context of the instant case whether certain decisions of the Court of Appeals have erroneously misinterpreted and extended the holding of *Knight* and the applicability of OCGA § 17-10-1 (Code Ann. § 27-2502) to *fourth offender recidivists.* Under OCGA § 17-10-7 (b) (Code Ann. § 27-2511), "[o]ne convicted of a fourth offense shall *'serve* the maximum time provided in the sentence of the judge based upon said conviction' and shall not even be eligible for parole until the maximum sentence is served." *Knight v. State,* supra at 774. Compare *State v. O'Neal,* supra at 386; *Jackson v. State,* 158 Ga. App. 530, 532 (3) (281 SE2d 252) (1981). The question of the continued viability of those cases applying *Knight* to fourth offender sentences must await an appeal in which resolution of that issue is squarely presented.

*Judgment reversed and remanded with direction. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellant.

*Jeffrey W. Lasky,* for appellee.