70265. THE STATE v. CARTER.

(332 SE2d 349)

Birdsong, Presiding Judge.

The sole question in this appeal is whether the trial court erred in sentencing the appellee Carter, a sixth time recidivist felon, to a term of twenty years with twelve to serve and the remaining eight years probated.

The state contends that under OCGA § 17-10-7 (b), the habitual offender statute, the trial court must sentence the fourth time recidivist felon to the maximum sentence for the crime *without probation*. We have previously held the fourth time felon may receive a sentence of probation, in *Brooks v. State*, 165 Ga. App. 115, 117 (299 SE2d 167); *Jackson v. State*, 158 Ga. App. 530, 532 (281 SE2d 252); and *State v. O'Neal*, 156 Ga. App. 384, 386 (274 SE2d 575). In each of these cases, the Supreme Court case of *Knight v. State*, 243 Ga. 770, 772-775 (257 SE2d 182) served as authority; but the issue is not one which is made crystal clear either in the statute or in the *Knight* case. This court suggested as much in *State v. Baldwin*, 167 Ga. App. 737, 741 (307 SE2d 679), a second offender case, where we said: "[W]e need not decide in the context of the instant case whether certain decisions of the Court of Appeals have erroneously misinterpreted and extended the holding of *Knight* and the applicability of OCGA § 17-10-1 (Code Ann. § 27-2502) to *fourth offender recidivists*. Under OCGA § 17-10-7 (b) (Code Ann. § 27-2511), one convicted of a fourth offense shall *serve* the maximum time provided in the sentence of the judge based upon said conviction and shall not even be eligible for parole until the maximum sentence is served. *Knight v. State*, supra at 774. Compare *State v. O'Neal*, supra at 386; *Jackson v. State*, 158 Ga. App. 530, 532 (3) (281 SE2d 252) (1981). The question of the continued viability of those cases applying *Knight* to fourth offender sentences must await an appeal in which resolution of that issue is squarely presented."

*Knight v. State*, supra, is a case dealing with sentencing of a second offender recidivist under Code § 27-2511 (now OCGA § 17-10-7). The remarks of the Supreme Court insofar as they refer to fourth offender recidivists are cryptic: "It is only logical that if the legislature had intended that a conviction of a second offense under § 27-2511 should result in a sentence that could not be suspended or probated, it would have said so. . . . Furthermore, the language of § 27-2511 indicates that such a result was not intended for second offenders. One convicted of a second offense is to be 'sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted.' . . . One convicted of a fourth offense shall '*serve* the maximum time provided in the sentence of the judge based upon said conviction' and shall not even be eligible for parole until the maximum sentence is served." (Emphasis supplied.)

*Knight* has been taken to mean a fourth offender felon may be sentenced to probation. In *State v. O'Neal*, supra, p. 386, we held that although the statute (§ 17-10-7) mandates that a second offender be sentenced to the maximum punishment, there is no limitation in the statute on the trial court's authority under § 17-10-7 (a) to grant probation of such a sentence, and "[t]his reasoning is equally applicable to a fourth offender recidivist who, under [§ 17-10-7 (b)] is not eligible for parole until the maximum sentence has been served. Probation is not parole. While there is a limitation on parole in [§ 17-10-7 (b)], there is no such limitation on a trial judge's authority to probate a sentence in [§ 17-10-7 (b)]."

On study of the statute, we agree with the conclusion in the *Brooks*, *Jackson*, and *O'Neal* cases that a fourth offender felon may receive a probated sentence, but not under the reasoning stated.

OCGA §§ 17-10-7 (a) and 17-10-7 (b) were enacted together and must be read together. See *Knight*, supra, p. 773; 82 CJS 691, Statutes, § 345. In fact, the original enactment, under which *Knight* and *O'Neal* were decided, is one entire paragraph with no subsections (former Code Ann. § 27-2511). OCGA § 17-10-7 (a) provides that "*[a]ny person* convicted of a felony . . . *who shall afterwards commit a crime* punishable by confinement . . . [i.e., not necessarily a felony] *shall be sentenced to undergo the longest period of time prescribed for the punishment* of the subsequent offense . . . [not necessarily a felony], *provided that, unless otherwise provided by law, the trial judge may, in his discretion, probate or suspend the maximum sentence* prescribed for the offense." (Emphasis supplied.)

This language does not limit its application to second offenders only. Subsection (b) of the statute refers specifically to one previously convicted of three or more felonies, and provides that such person "must, upon conviction for such fourth [felony] or for subsequent

[felony], serve *the maximum time provided in the sentence of the judge* based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." Subsection (b) does not provide or imply that "the maximum time provided in the sentence of the judge" may not include a sentence of probation, as it · easily could have provided if it had so intended.

We think subsection (a), in all its provisions including giving the trial judge discretion to probate or suspend the maximum sentence, refers to all repeat offenders, whether second or fourth time offenders. This is evident from the fact that subsection (a) establishes that while "any person" who is a repeat offender "shall be *sentenced* to undergo the *longest period of time prescribed for the punishment* of the subsequent offense" the trial judge may, in his discretion, probate or suspend the maximum sentence presented for the offense (emphasis supplied); subsection (b) makes no such provision but is readily inferred, by all the cases, to likewise require that the longest period of time prescribed for punishment of the offense be awarded. Instead, subsection (b) provides that, upon conviction for a fourth or subsequent felony, the felon "must . . . *serve* the maximum time *provided in the sentence of the judge* based upon such conviction. . . .*" (Emphasis supplied.) This is quite different from saying the felon must *serve* in prison the "longest period of time prescribed for punishment of the offense." This statute thus requires imposition of the statutory maximum but requires only that the felon *serve* the entire term which the judge sentences him to *serve* without parole, and is consistent with the trial judge's discretion under subsection (a) to award probation. In other words, if the judge sentences a fourth-time recidivist to ten years, five to serve and five on probation, he must *serve* five years without parole.

*Hammond v. State*, 139 Ga. App. 820, 823 (3) (229 SE2d 685) held that the "maximum time provided in the sentence of the judge based upon such conviction" which a fourth offender felon must serve means, necessarily, the "longest period of time . . . prescribed for the punishment of the offense" which is provided in subsection (a) of the current statute. "Thus," we held, "whether the offense for which defendant currently stands convicted is his second, third, fourth or fourteenth — the only sentence imposable for 'such conviction' is the maximum time prescribed by the statute for that offense." Id. p. 823. *Hammond* answered the question whether "the maximum time provided in the sentence of the judge" had to be "the longest period of time" prescribed as punishment. It did not deal with a probated sentence, but with its own logic, it would have had to conclude that the trial judge, while being compelled by subsection (a) of § 17-10-7 to impose the maximum time prescribed by law for the offense, could, equally by authority of § 17-10-7 (a), grant probation. As the trial

judge said in this case, "The law says that that person shall not be eligible for parole until the maximum sentence is served. It says nothing about probation."

We think that as to fourth offenders the statute can be interpreted only as written and is not susceptible to an interpretation denying the trial judge discretion to grant probation which is expressly given as to all repeat offenders in subsection (a) and may be "provided in the sentence of the judge" (subsection (b)). If there is any doubt in the construction of this statute, however, "criminal statutes must be strictly construed against the state and liberally in favor of human liberty. *Matthews v. Everett*, 201 Ga. 730 (41 SE2d 148) (1947). If a statute increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty. *Gee v. State*, 225 Ga. 669 (171 SE2d 291) (1969)." *Knight*, supra, p. 775. If the legislature intends differently, it must be careful to say so.

Accordingly, we hold the trial court did not render a void sentence. *State v. Baldwin*, supra, p. 738; *State v. O'Neal*, supra, p. 386.
*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 4, 1985.

Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, for appellant.
*Michael G. Schiavone*, for appellee.