### 42680. MORELAND v. KENOSHA AUTO TRANSPORT.

(336 SE2d 788)

CLARKE, Justice.

Kenosha Auto Transport Corp. brought an action for declaratory and injunctive relief against Thomas D. Moreland as Commissioner of the Department of Transportation (DOT) seeking to prevent Moreland's enforcement of the vehicle length limitations of OCGA § 32-6-24 (a) (2) against Kenosha vehicles operated on Georgia highways. Kenosha operates "low-boy" trailers to haul vans, trucks, or truck tractors. These low-boy trailers, unlike double-decked caged trailers, accommodate only one tier of vehicles.

OCGA § 32-6-24 (a) (2) provides that no vehicle or combination of vehicles and load shall exceed a length of 60 feet. "Vehicles transporting motor vehicles (commonly known as automobile carriers)" are exempted from OCGA § 32-6-24 (a) (2) by § 32-6-24 (b) (3), which provides that vehicles transporting motor vehicles shall not carry a load exceeding 65 feet in length and also exempts the trailer from the 45-foot length limits of § 32-6-24 (a) (2). There is no question that double-decked caged carriers are within the exception. The question is whether low-boy trailers are "vehicles transporting motor vehicles." Moreland contends that they are not because of the parenthetical phrase "commonly known as automobile carriers."

The trial court granted declaratory and injunctive relief to Kenosha, ruling that low-boy trailers were included within the exception of § 32-6-24 (b) (3) and ruling that under federal regulations 23 CFR § 658.13 (d) low-boy trailers, trucks, vans or truck tractors are automobile transporters. Under this federal regulation no state may impose an overall length limit of less than 65 feet on automobile transporters.

Construction of both the Georgia statute and the federal regulation depend upon a definition of the word "automobile." Blacks Law Dictionary, Fourth Edition, gives several definitions for the word "automobile." The popular and legal definition is given as "a vehicle for the transportation of people or property on terrestrial highways." This definition bolsters the notion that even in the presence of the

parenthetical language the legislature intended that the exception extend to a vehicle such as that operated by Kenosha. However, other definitions are "a vehicle designed mainly for the transportation of persons" and "a generic term, covering both trucks and passenger cars." The variety of definitions given in one dictionary indicates that there is ambiguity in the term "automobile." When the term "automobile" is combined with the term "carrier," there is additional ambiguity so that it would be difficult to determine what is "commonly known" as an automobile carrier. The use of this phrase in a statute, the violation of which may be punished as a misdemeanor, causes the statute to be so vague as to be unenforceable. This vagueness is cured by disregarding the phrase "automobile carrier," which has the effect of making the exception of OCGA § 32-6-24 (b) (3) clearly apply to all vehicles transporting motor vehicles. Such a construction is particularly appropriate in regard to a criminal statute which must be construed against the state. *Knight v. State,* 243 Ga. 770 (257 SE2d 182) (1979).

Moreland argues that inasmuch as the General Assembly in 1985 prior to the filing of this suit amended the statute in question to add an exception for flatbed van carriers from the 60-foot overall length limitation, Kenosha should be limited to the 63 feet allowed under this amendment if given any relief at all. Moreland argues that the addition of the exception for van carriers, OCGA § 32-6-24 (b) (5), shows that the General Assembly never intended for the exception of OCGA § 32-6-24 (b) (3) to apply to the low-boy carriers Kenosha operates. There are two difficulties with this argument. First, the fact that the trial court did not find the provision of OCGA § 32-6-24 (b) (5) applicable was not enumerated as error by Moreland on appeal. Secondly, it is unlikely that the intent of the General Assembly in using certain terminology in 1968, Ga. L. 1968, pp. 30, 32, is shown by the General Assembly's amending the statute in 1985.

Since Kenosha's vehicles are vehicles transporting motor vehicles, they are within the length limit exception created by OCGA § 32-6-24 (b) (3). We therefore affirm the trial court without reaching the question whether these vehicles are also "automobile transporters" under the terms of the federal regulation.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 27, 1985.

*Michael J. Bowers, Attorney General, Gary H. Brakefield, Assistant Attorney General,* for appellant.

*Dillard, Greer, Westmoreland & Wilson, W. Dan Greer,* for appellee.