## A03A2406. PERKINSON v. THE STATE.
(594 SE2d 381)

BARNES, Judge.

Martin Ray Perkinson appeals the trial court's denial of his motion to modify his life sentence for armed robbery, which was imposed in 1993.[1] For the reasons that follow, we affirm.

The day before trial, the State served Perkinson with its notice of intent to introduce Perkinson's prior felony convictions into evidence in aggravation for recidivist punishment under OCGA § 17-10-7. Perkinson's prior felony convictions were for child molestation, four counts of armed robbery, and two counts of attempted armed robbery. Before trial began the next day, the State noted for the record that it served Perkinson with a copy of its petition, and after the jury convicted him of armed robbery and robbery by intimidation, the trial court acknowledged that it had received the State's petition.

At the sentencing hearing two weeks later, the State tendered certified copies of Perkinson's seven prior felonies. After hearing testimony from several witnesses who spoke on Perkinson's behalf, the trial court sentenced Perkinson to life imprisonment on the armed robbery charge. As to the robbery by intimidation charge, the trial court exercised its discretion and sentenced Perkinson to twenty years, with ten to be served on probation.

1. The bulk of Perkinson's argument on appeal is that the State's similar transaction notice was insufficient to constitute notice under the recidivist statute, OCGA § 17-10-7. It is clear from the record, however, that the State properly served Perkinson with notice of its intent to introduce his prior convictions in aggravation of punishment. The State not only served Perkinson with the notice, it confirmed on the record both before and after trial that it had served him. Therefore Perkinson's arguments that he was improperly punished are not persuasive.

2. Perkinson also argued that being sentenced for both armed robbery and robbery by intimidation constitutes double jeopardy because the latter is a lesser included offense of the former. While in some cases, robbery by intimidation may be a lesser included offense of armed robbery, Holcomb v. State, 230 Ga. 525 (198 SE2d 179) (1973); Lightfoot v. State, 227 Ga. App. 605 (490 SE2d 177) (1997), in this case the two counts involved two separate incidents with two separate victims. Therefore, he was properly convicted of two separate counts, which do not merge as a matter of law.

3. Finally, Perkinson contends that a conflict exists between OCGA §§ 16-8-41 (b) and 17-10-7 (a), citing State v. Baldwin, 167 Ga.

---

[1] Perkinson directly appealed his convictions, which were confirmed by this court in a 1994 unpublished opinion. Perkinson v. State, 213 Ga. App. XXXI (1994).

App. 737, 739 (3) (307 SE2d 679) (1983). In that case, we addressed the differences between OCGA § 16-8-41 (b), which at that time required a judge to sentence a defendant convicted of a second armed robbery offense to serve a minimum of ten years in jail, and OCGA § 17-10-7 (a), which required a judge to sentence a defendant convicted of a second felony to the longest period of time prescribed for the punishment of the subsequent offense. The point in *Baldwin* was that the judge had to sentence the defendant to serve a life sentence under the recidivist statute. The current version of OCGA § 16-8-41 no longer addresses the sentencing requirements for a subsequent offense, but refers to the recidivist statute, OCGA § 17-10-7, under which Perkinson was sentenced. See OCGA § 16-8-41 (d). The trial court committed no error in sentencing Perkinson to life in prison without parole.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JANUARY 15, 2004 —
RECONSIDERATION DISMISSED FEBRUARY 11, 2004.

Martin R. Perkinson, *pro se.*

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.